## THE CHICAGO AND PACIFIC RAILROAD COMPANY

*v.*

## HENRY FRANCIS.

EMINENT DOMAIN—*damages to property not taken.* The clause of the constitution which provides that "private property shall not be taken or *damaged,* for public use, without just compensation," must receive a reasonable and practicable interpretation. Where the property is not taken, the damages must be real, and not speculative. If the property is not worth less in consequence of the construction of a railroad in its vicinity, or upon a street upon which the lots abut, than if no road were constructed, the owner will not be entitled to damages, and can not enjoin the construction of the road in the street in pursuance of the company's charter and the license of the city authorities.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. DENT & BLACK, for the appellant.

Messrs. BARBER & GARDNER, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellee filed a bill in chancery, in the Superior Court of Cook county, to enjoin the company from laying its railroad

track on Bloomingdale avenue, in the city of Chicago, until he should be paid damages he claims he would sustain by its construction. The common council of the city granted the company the right of way in this street, and in pursuance thereof, and under the power contained in its charter, the company were preparing to construct its road.

Appellee had previously purchased thirty city lots, nineteen of which fronted on this avenue. When he purchased the lots, he supposed the railroad would be located and constructed on Armintage avenue. Evidence was heard on both sides, from which it appears these lots are worth less by reason of constructing the road on this avenue, than if it had been on Armintage avenue, but are not less in value than if no road had been built in that part of the city.

As should be expected, witnesses differ as to the value of this property, and as to whether it is injured by the road; but we are clearly of opinion that the decided weight of the evidence is, that the property is worth fully as much, if not more, than if the road had not been built. This, then, being true, does the provision of the present constitution require that damages shall be assessed? Section 13 of the Bill of Rights provides that "private property shall not be taken or damaged, for public use, without just compensation." What is the meaning of the word "damaged," as used in this connection? We must presume that it was used in its ordinary and popular sense, which is: hurt, injury, or loss. Now, we can not suppose that the framers of that instrument intended it in any other sense than loss or depreciation in the price of the property damaged; that the damage or injury should be real, and not imaginary or speculative. It can not be said appellee has sustained damage, when his property is worth and will sell for as much or more than if no road had been built. It is no damage to him if the construction of the railroad has not increased the value of his lots, whilst it has added thirty, forty or fifty per cent to the value of other property in the vicinity, but differently situated. He has no

ownership in, or right to, such appreciation in the value of property.

This provision must receive a reasonable and practicable interpretation; but if that contended for by appellee were given, it would become ruinous to such companies, as they would be compelled to pay in damages enough to each property holder whose property was not benefited to as great an extent as that which is most favorably situated, and has been most advanced in value, so as to make them equal. If they are required to make the advance on these lots, equal to lots on the next street north and south, then they would be compelled to make the advance on property, so remote as to be barely benefited, equal to the most favored and most highly benefited, and so of all property enhanced in value, without reference to the degree of appreciation.

Suppose, when the depot is built and established, property in its vicinity should be advanced thereby several hundred per cent, would appellee insist he was damaged to the same per cent on his property? We presume he would not; and yet we fail to perceive the difference in principle, and we think there can be none. We must, therefore, hold that the damage contemplated by the constitution must be an actual diminution of present value, or of price, caused by constructing the road, or a physical injury to the property, that renders it less valuable in the market, if offered for sale. It must be real, and not speculative damages.

The court below, therefore, erred in rendering this decree, and it must be reversed, and the bill dismissed.

*Decree reversed.*

Mr. Chief Justice Breese: I concur in reversing the decree of the court below, for the reason that, as I read the constitution, it contemplates, when the property is not taken, that the damages must be real. The evidence does not show an actual, real, present damage to the property.