# The Chicago, Milwaukee and St. Paul R. R. Co. *et al.*

*v.*

# Richard Hall.

1. Damages—*as to matters nolle prossed.* In a suit by a property owner to recover damages against three railroad companies for the laying of their track near his dwelling, in the street, whereby smoke, dust and cinders were thrown upon his house and lot, and otherwise creating a nuisance, depreciating the value of his property, where the plaintiff, on the trial, entered a *nolle prosequi* as to all damages arising from the construction and operation of certain tracks shown to belong to one of the companies exclusively, a finding of damages for the depreciation caused by all the roads, as well as general depreciation of real estate after the construction of the several roads, can not be sustained, and a *remittitur* of $800 out of $2000 found by the jury will not cure the error, as it can not be known how much the jury allowed for damages occasioned by the tracks to which the *nolle* applied.

2. Instruction—*assuming what is proved, is erroneous.* A clause in an instruction, which assumes to determine what the evidence proves, or the weight of the evidence as to any given fact, is contrary to one of the plainest rules of practice, and can not be sanctioned.

3. Measure of damages—*nuisance to property by railroad tracks, etc.* In an action to recover damages caused to a house and lot by the construction and

operation of railroad tracks in a street in close proximity to the plaintiff's property, the true measure of damages is, the loss sustained by the nuisance, the injury from jarring the building and the throwing of cinders and smoke upon the plaintiff's premises, and the depreciation of the value of the property by these causes may be considered, but not general depreciation in value from other causes, such as mere inconvenience in approaching or leaving the property, or the noise and confusion in the vicinity. The injury must be physical.

4. Damage to property not taken for public use, to be recoverable, must be physical and real, and not speculative, and it must depreciate the value of the property or its use. The depreciation is to be determined by comparing its value before and after the structure which produces the injury, and any benefits thus conferred should be considered, as well as injury inflicted by the structure, in estimating the damages.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. E. WALKER, for the appellants.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellee, as the owner of a lot of ground in the city of Chicago, and which he occupied as a residence, sued the Chicago, Milwaukee and St. Paul, the Pittsburgh and St. Louis, and the Chicago, Danville and Vincennes Railway Companies for damages claimed to have been done by laying their tracks near his dwelling; that they placed on the same block a round house and a coal yard; also laid their tracks across streets near his residence and left cars standing on the same, thereby impeding access to and egress from his property. He amended his declaration, averring further damages by reason of smoke, dust and cinders being cast from locomotive engines by passing on the tracks, upon his house and lot.

On the trial below, plaintiff entered a *nolle prosequi* as to all damages by the construction and operation of the south tracks—that is to say, the track crossing Carroll avenue, and tracks connecting therewith east of plaintiff's lot, and as to all matters connected with the operation of such tracks. The jury found a verdict for $2000, in favor of plaintiff,

and he remitted $800, and the court rendered a judgment for $1200, the balance after deducting the *remittitur*, and defendants appeal.

It is urged that the court erred in refusing to give, for appellants, this instruction:

"1st.   The plaintiff's action is for damages to his property resulting from the joint construction, occupation and use of certain railroad tracks in the immediate vicinity of his property.   The special damages claimed are on account, or by reason of, the construction of the roads, the jarring of his house occasioned by passing trains, and from the smoke, ashes and cinders deposited upon plaintiff's premises by defendants' engines, and other causes incident to the operation of a railway.

"The court instructs you, that the evidence shows that the south track, crossing Carroll avenue, is owned and used exclusively by the defendant The Chicago, Danville and Vincennes Railroad Company; and there is evidence tending to show that the greater part of plaintiff's alleged damages are occasioned by the construction and use of the said track, and by the locomotives and trains of said Chicago, Danville and Vincennes Railroad Company.

"And the court instructs you, that neither of the other defendants is liable for any damages that the plaintiff or his property may have sustained by reason of the construction or use of said track by the said Chicago, Danville and Vincennes Railroad Company."

It is apparent that the finding of the jury was for all the depreciation occasioned by all of the roads, as well as general depreciation of real estate, if any, after the roads were constructed, and the plaintiff must have so understood it, as he remitted what he supposed would cure the excessive finding. The jury had no right to find damages done by the construction and use of the south tracks.   Nor was the error cured by the *remittitur*.   We can not know how much the jury allowed

for the damage occasioned by these tracks—whether a fourth, a half, three-fourths or some other amount.

This being the case, the first and last clauses of this instruction asserted a correct principle, and would have been properly given if the second clause had been stricken out. But that clause assumes to determine the weight of the evidence, which has been so repeatedly and uniformly held to be erroneous that counsel for appellant could not, when he asked it, have expected it to be given. He should, if he did not, have known it was contrary to one of the plainest rules of practice, and that the circuit judge could not give it, and that we can not sanction it, either on principle or in view of such a number of our former decisions.

It is likewise urged, that the court below erred in refusing appellants' third instruction. It is this:

" 3d. The plaintiff can not recover any damages occasioned by the use of defendants' roads, or either of them, such as damage occasioned by smoke, ashes or cinders deposited upon the plaintiff's premises, except for the time laid in and covered by the declaration,—that is, from the time of construction of the tracks to the commencement of this suit, to-wit, on the 2d day of December, 1875; and such damages, if any, you must find from the evidence, and such damages do not include and are not measured by the depreciation of the market value of the property."

This instruction asserts a correct legal proposition in all but the last clause. The measure of damages is, the loss sustained by the nuisance, the injury from jarring the building, the throwing of cinders, ashes and smoke upon appellee's premises. The depreciation of the value of the property by these causes may be considered, but not general depreciation in value from other causes,—mere inconvenience in approaching or leaving the property, or the noise and confusion in the vicinity. The injury must be physical. But when it is such, we know of no

better measure of damages than the depreciation of the property from that cause alone.

This instruction was properly refused, as it ignored this rule.

This court has repeatedly held that damage to property not taken for public use must be real and not speculative, and it must depreciate the price or its use, and the depreciation is determined by comparing its value before and after the structure is made which produces the injury. Any benefits thus conferred should be considered, as well as injury inflicted by the structure, in estimating the damages. *Chicago and Pacific Railroad Co.* v. *Francis,* 70 Ill. 238; *Page* v. *Chi., Mil. and St. Paul Railroad Co.* ibid. 324; *City of Shawneetown* v. *Mason,* 82 id. 337; *City of Elgin* v. *Eaton,* 83 id. 535. Other cases might be referred to as announcing the same rule.

But for the error in overruling the motion for a new trial because the finding was excessive and was not cured by the *remittitur,* the judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*