## The Chicago and Eastern Illinois Railroad Company

### v.

### Richard Hall.

DAMAGES—DIRECT AND REMOTE.—In an action against a railroad company for damages arising from a direct physical injury to plaintiff's dwelling by reason of running its trains, evidence is not admissible of the general depreciation in value of plaintiff's property, where the witness is unable to distinguish between damages such as were the result of the injury complained of, and such as arose from general causes.

APPEAL from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed June 14, 1881.

Mr. H. O. McDaid, for appellant; that appellant is liable for the damages sustained whether they arise from a direct physical injury or are the result of the use of the tracks in the vicinity of the premises, cited Rigney v. Chicago, 13 Chicago Legal News, Mar. 26, 1881; Ottawa Gas Co. v. Thompson, 39 Ill. 599; Ill. Cent. R. R. Co. v. Grable, 50 Ill. 242; Cooper v. Randall, 53 Ill. 24; Ottawa Gas Co. v. Graham, 28 Ill. 73; Sampson v. Smith, 8 Sim. 272; Whitney v. Bartholomew, 21 Conn. 213; Lord Colchester v. Ellis, 2 Starker's Ev. 538; Rich v. Basterfield, 2 Car. & K. 257; Saville v. Killner, 26 L. T. Rep. 277; Bowers v. Hathorn, 54 Me. 272; Richard v. Collins, 23 Barb. 444; Cartwright v. Gray, 12 Grant's Ch. 400; Walter v. Selfe, 4 E. L. & Eq. 15; Tipping v. St. Helens Co. 4 B. & L. 508.

A person must so use his own property as not to injure his neighbor's: Hyatt v. Myers, 71 N. C. 271; Hutching v. Smith, 63 Barb. 252; Reg v. Waterhouse, 7 Q. B. 545; Barnes v. Ackroyd, 26 L. T. 692; Banham v. Hall, 21 L. T. 116; Higgins v. Guardians of Herndon, 22 L. T. 753; Roberts v. Clark, 17 L. T. 384; Rhett v. Davis, 5 S. C. 217; Tuscombe v. Steere, 17 L. T. 229; Duncan v. Hays, 22 N. J. 26; Shuttleworth v. Cochar, 9 Dow P. C. 88; Wessen v. Washburn Iron Co. 13 Allen 95; Rhodes v. Dunbar, 58 Pa. St. 275; Norcross v. Thoms, 51 Me. 503; Richards v. Phœnix Iron Co. 7 P. F. Smith, 103; Westwall v. Conover, 11 Fla. 111; Whalen v. Keith, 35 Mo. 87; Monteath v. Lang, 37 Jur. 726; Citizen's Gas Light Co. v. Cleveland, 5 C. E. Green. 201; Aldreds' Case. 9 Coke, 102; Gullich v. Treenlet, 20 W. R. 358; Butler v. Rogers, 1 Stock. 487; Swain v. Great Nor. R. R. Co. 33 L. J. ch. 390; Adams v. Michael, 38 Md. 234.

Damages are recoverable on the ground of a taking of the property: Stone v. Fairbury, etc. R. R. Co. 68 Ill. 394; Hall v. C. M. & St. P. R. R. Co. 90 Ill. 42; City of Pekin v. Winkel, 77 Ill. 56; City of Pekin v. Brereton, 67 Ill. 477; City of Elgin v. Eaton, 83 Ill. 535; Shawneetown v. Mason, 82 Ill. 337; Ilach v. City of E. St. Louis, 85 Ill. 377; Gilman v. Mad. Co. R. R. Co. 49 Ill. 484; Aurora v. Gillett, 56 Ill. 132; Jacksonville v. Lambert, 62 Ill. 519; Aurora v. Reed, 57 Ill. 29; Pum-

C. & E. I. R. R. Co. v. Hall.

pelly v. Green Bay, 13 Wall. 166; Harker v. New Haven & N. Co. 14 Conn. 146; Glover v. Powell, 2 Stock. 211; Haynes v. Thomas, 7 Ind. 38; Pratzman v. Ind. etc. R. R. Co. 9 Ind. 469; Crawford v. Delaware, 7 Ohio, 459; Street Railway v. Cummizorth, 14 Ind. 523; Eaton v. Boston, 51 N. H. 504; Cooley on Con. Lim. 542; Caro v. Met. Elevated R. R. Co. 19 Am. Law Reg. 376; Platt v. N. Y. C. R. R. Co. 37 N. Y. 472.

Mr. Henry Crawford for appellee; that there was a blending of improper elements of damage, cited : C. M. & St. P. R. R. Co. v. Hall, 90 Ill. 45; C. B. & Q. R. R. Co. v. McGinnis 79 Ill. 269.

As to the rule of damages in such cases : St. L. & S. E. R'y Co. v. Teters, 68 Ill. 144.

The cause of action, if any existed against the original corporation, and is barred by the Statute of Limitations : Heard v. Middlesex Canal, 5 Met. 81; Call v. Co. Com'rs, 2 Gray, 232; E. L. & B. S. R. R. Co. v. Combs, 10 Bush. 393; J. M. & I. R. R. Co. v. Erharte, 13 Bush. 669; I. B. & W. R'y Co· v. McLaughlin, 77 Ill. 275.

McAllister, P. J. This was an action on the case by appellee against appellant to recover for direct physical injuries by the latter to the premises of the former on which he resided with his family, occasioned, as it is alleged, by the appellant operating railway tracks located in a public street of the city of Chicago, on which appellee's premises abutted, by means of locomotive engines which jarred appellee's house, cast upon and therein dust, ashes, cinders and smoke, making such dwelling unsafe and uncomfortable, and which, by bad management by appellant's agents and servants, did other such injury to appellee's barn and other parts of his premises, by knocking said barn off its foundations, and causing, by appellant, of water to flow on to appellee's premises.

The case was tried by jury, under the plea of not guilty resulting in a verdict for plaintiff for eleven hundred and fifty dollars, and the court overruling defendant's motion for a new trial, gave judgment, and the latter prosecutes this appeal.

The evidence tended to show that appellee was in possession as owner of the premises and resided thereon with his family; that such premises abut upon a public street of the city of Chicago known as Carroll avenue; that the Chicago, Danville & Vincennes R. R. Co. constructed the railroad tracks in question, and near to appellee's premises, in 1872, but that the same was done under a special charter to that company, and an ordinance of the city of Chicago authorizing it, which were both passed before the constitution of 1870, though the tracks were not laid until 1872; that afterwards, through a sale upon a foreclosure of mortgage, given by the Chicago, Danville & Vincennes Co., embracing all its property and franchises, the appellant acquired all such property and franchises, and in September, 1877, commenced operating with locomotive engines said road.

Evidence was given by appellee, tending to show direct physical injury to his premises by means of the casting upon them and into his dwelling-house, dust, ashes, cinders and smoke; and, besides evidence tending to prove the depreciation in value of such premises in consequence of such direct physical injury, the court, against the objections of appellant, permitted appellee to give evidence of the difference between the market value of said premises, at the time appellant commenced operating the road and that of the bringing the suit. The scope of the questions called upon the witness, who was the plaintiff himself, to give such difference from all causes; and the jury must have so understood it; because the depreciation on account of the direct physical injury, had already been shown. The witness stated that the market value of the premises when appellant commenced operating, was thirty-five hundred to four thousand dollars, and at the bringing of the suit, such value was about fifteen to eighteen hundred dollars.

Under the decisions of the Supreme Court in C. B. & Q. R. R. Co. v. McGinnis, 79 Ill. 269, and C. M. & St. P. R. R. Co. v. Hall, 90 Ill. 42, we are constrained to hold that this evidence was incompetent, and from the circumstances of the case it was prejudicial. The plaintiff below was the only witness upon the question of damages resulting from the direct physi-

cal injury to his premises; and upon cross-examination, he confessed himself unable to distinguish between such as was the result of such injury, and those arising from general causes. For this error the judgment of the court below must be reversed and the cause remanded.

Reversed and remanded.