MEDARD DUPUIS *et al.*

*v.*

THE CHICAGO AND NORTH WISCONSIN RAILWAY COMPANY.

*Filed at Ottawa November 14, 1885.*

1. EMINENT DOMAIN—*measure of compensation for land taken—as to time of fixing value.* In a proceeding to condemn land for public use, the compensation to be paid must be fixed by the value of the property at the date of the filing of the petition.

2. SAME—*mode of ascertaining value—and herein, as to the special use to which property is adapted or applied.* Where land sought to be taken under the Eminent Domain act has a market value, the correct measure of damages is its fair cash market value. But if the lands are devoted to some particular use, and in consequence of such use have an intrinsic value, the owner, in order to get just compensation, is entitled to receive whatever they are worth for the use or purpose to which they may be devoted.

3. In order to determine the fair cash value of lands taken for public use, it is proper for the jury to consider the purposes for which they are used,—

7—115 ILL.

| 115 | 97 |
|---|---|
| 122 | 600 |
| 122 | 601 |
| 123 | 196 |
| 115 | 97 |
| 124 | 335 |
| 115 | 97 |
| 126 | 53 |
| 126 | 120 |
| 115 | 97 |
| 128 | 176 |
| 115 | 97 |
| 131 | 303 |
| 115 | 97 |
| 136 | 14 |
| 115 | 97 |
| 149 | 161 |
| 150 | 377 |
| 115 | 97 |
| 156 | 104 |
| 115 | 97 |
| 166 | 437 |
| 115 | 97 |
| 169 | 338 |
| 115 | 97 |
| 177 | 605 |
| 115 | 97 |
| 179 | 135 |
| 115 | 97 |
| 206 | 2183 |
| 115 | 97 |
| 112a | 2493 |
| 115 | 97 |
| 214 | 1 55 |

whether they are adapted to that particular use, whether they are profitable and valuable for that use; and in so far as the particular use to which they were or had been appropriated added to their market value, this may be considered by the jury.

4. If the lands sought to be condemned are valuable as located, bordering on or near a river, for a saw-mill, planing-mill, or factory of any description, or for any other purpose, testimony tending to prove such ·purpose is proper for the consideration of the jury in passing upon the fair market value of the property taken or damaged.

5. Where the value of a mill on property sought to be condemned for railroad purposes is involved, evidence that the mill was of an old pattern that had gone out of use, and on that account was less valuable, is proper on the assessment of the damages and compensation to be awarded the owner.

6. SAME—*measure of damages as to land not taken, but damaged.* Where other land of a party not sought to be condemned is damaged by the right of way, the measure of damages as to it is the difference between its value before and after the construction of the road.

7. INSTRUCTION—*directing the attention of the jury to the evidence and facts on one side of the case only.* On the assessment of damages for property sought to be condemned for railroad purposes, it appeared there was a mill on one of the lots sought to be taken, and the condition and value of the mill was in dispute, and much evidence on these points was given on each side. The court, at the request of the petitioner, instructed the jury that they should only consider what the mill on the property was then worth, and told them that in estimating its value they should consider the age and present condition, as shown by the evidence and their own examination of the same; the condition and value of the roof, siding, floors and timbers, as to decay and rottenness; the old-fashioned and decayed condition of the machinery; the time it had been used, and its want of adaptability to manufacturing lumber in competition with modern mills, and every other condition of the mill and its machinery which the evidence and observation of the jury showed to decrease the present value thereof, and after considering all these things, give such compensation, etc.: *Held,* that the instruction was erroneous in directing the attention of the jury to every element detracting from the value of the mill, and in omitting everything tending to show the mill was valuable, and was misleading.

APPEAL from the County Court of Carroll county; the Hon. BENJAMIN L. PATCH, Judge, presiding.

Mr. M. Y. JOHNSON, and Mr. J. M. HUNTER, for the appellants.

Mr. JAMES SHAW, and Mr. D. S. BERRY, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a proceeding in the county court of Carroll county, by the Chicago and North Wisconsin Railway Company, to condemn certain lots in the city of Savannah for right of way and depot purposes. The defendants filed a cross-petition, claiming that certain property not actually taken was damaged by the construction of the railroad. The jury impaneled in the cause examined the premises, heard the evidence, and reported the compensation to be allowed the defendants for the land taken and damaged, to be $2475. The court overruled a motion for a new trial, and entered a judgment of condemnation, and the defendants appealed.

There is much conflict in the evidence in regard to the value of the property involved, and in view of the conflicting evidence, and in view of the fact that the jury in person examined the premises, we would not be inclined to reverse the judgment if the jury had been properly instructed as to the law of the case. But a part of the instructions did not state the law correctly. The third, fourth, fifth, sixth, seventh, tenth and eleventh instructions given for the petitioner are all claimed to be erroneous.

The third instruction directed the jury that the cash market value of the land taken, where it has a market value, is the proper measure of damages for land taken, and as to lands damaged the measure of damages is the difference between the value of the land before and after the construction of the road. We perceive no error in this instruction. Where the lands proposed to be taken under the Eminent Domain law have a market value, the correct measure of damages for lands taken is the fair cash market value. (*Jacksonville and Southeastern Railway Co.* v. *Walsh,* 106 Ill. 253.) The fair market value would always give the owner just compensation, and that is all he is entitled to receive under the law. If the lands were devoted to some particular use, and in consequence

of such use had an intrinsic value, the owner, in such a case, in order to get just compensation, would be entitled to recover whatever the lands were worth for the use or purpose to which they might be devoted. As to that part of the instruction relating to lands damaged, it is sanctioned by *Chicago and Pacific Railroad Co.* v. *Francis,* 70 Ill. 238, and *Page* v. *Chicago, Milwaukee and St. Paul Railway Co.* id. 324, and needs no further discussion.

The fourth instruction, which is also objected to, announces the same rule as to the market value of lands taken as is declared in the third, and also confines the right of the owner in his recovery, to the value at the time of filing the petition. In *South Park Commissioners* v. *Dunlevy,* 91 Ill. 49, it was held, in a proceeding to condemn lands for public use, the compensation to be paid must be fixed by the valuation of the property at the date of the filing of the petition. The instruction was in harmony with the rule laid down in the case cited, which we regard the correct rule on the subject.

The petitioner's fifth instruction in substance directed the jury that they should not take into consideration any profits, or supposed profits, realized from the business carried on upon such lands or lots, or the probable character of such business or profits in the future. Such profits are not proper elements in ascertaining the damages to which the defendants are entitled in this proceeding. This instruction was, in our opinion, calculated to mislead the jury. It may be true that the profits or supposed profits arising from the business was not a proper element of damages, as declared in the instruction, but it will be observed that the instruction does not stop with profits or supposed profits, but goes further, and informs the jury that they should not take into consideration the character of the business transacted on the property. As said before, the main inquiry was the fair market value of the property to be taken, but in arriving at a solution of this question, it was proper for the jury to consider the purposes

for which the lands were used,—whether they were adapted to that particular use, whether the lands were profitable and valuable for that use; and in so far as the particular use to which the lands were or had been appropriated, added to their market value, that might be considered by the jury. If the lands were valuable, as located, bordering on or near the river, as it is contended they were, for a saw-mill, planing-mill, or factory of any description, or for any other purpose, the testimony tending to prove such purpose was proper for the consideration of the jury, in passing upon the fair market value of the property taken or damaged. This view we regard in harmony with the rule declared in *Jacksonville and Southeastern Railway Co.* v. *Walsh*, 106 Ill. 253, which has been cited as authority by appellee's counsel.

The sixth instruction is like the last part of the third, which has already been considered.

The seventh instruction may be correct in so far as it announces a principle of law for the government of the jury, but after informing the jury that they should only consider what the mill on the property was then worth, it proceeds to inform them that in estimating the value, they should consider its age and present condition, as shown by the evidence and their own examination of the same; the condition and value of the roof, siding, floors and timbers, as to decay and rottenness; the old-fashioned and decayed condition of the machinery; the time it has been used, and its want of adaptability to manufacturing lumber in competition with modern mills, and every other condition of the mill and its machinery which the evidence and observation of the jury show, to declare the present value thereof; and after considering all these things, the jury should give such compensation, etc. The mill mentioned in the instruction was on the property which petitioner desired to condemn. The condition of the mill and its value were in dispute. Much evidence in regard to it was introduced by both parties. The instruction takes

up every element in the evidence that decreases its value, and the jury are directed to consider those facts, while nothing whatever is said in regard to the evidence which tends to prove that the mill is valuable. Instructions of this character have often been condemned. The instruction could have no other effect than to mislead the jury and bias their minds as to the value of the mill, in favor of the petitioner.

The tenth instruction is substantially like the last part of the third, which has been considered.

The eleventh instruction is, in substance, like the fifth, and is erroneous for the same reason.

One question was raised in regard to the admission of evidence. The petitioner asked one of its witnesses this question : "If the timbers and structure of the mill were just built, and the machinery of the same style, but new, what would be the value of the property as it now stands?" The object of the question was to show that the mill was of little or no value, and we perceive no objection to it. If the mill was of an old pattern, and had gone out of use, and on that account was less valuable, it was proper to show that fact.

For the errors indicated, the judgment will be reversed and the cause remanded.

*Judgment reversed.*