## H. H. FAHNESTOCK

*v.*

## THE CITY OF PEORIA.

*Opinion filed February 14, 1898.*

1. SPECIAL TAXATION—*amendment of 1895 controls pending proceedings to confirm a special tax.* Proceedings for the confirmation of a special tax, had after the passage of the amendment of 1895 to section 17 of article 9 of the City and Village act, (Laws of 1895, p. 100,) are controlled thereby, as respects the consideration of special benefits, notwithstanding all proceedings preliminary to the confirmation were had before the amendment was passed.

2. SAME—*a "special benefit" is an increase in market value occasioned by the improvement.* "Special benefits," as used in the amendment of 1895 to section 17 of article 9 of the City and Village act, which provides that special taxes shall not exceed special benefits, means an increase in market value of the property taxed, occasioned by the construction of the improvement.

3. SAME—*verdict of a jury as to benefits is not disturbed unless clearly against evidence.* A verdict finding that a special tax against property was not in excess of benefits will not be disturbed on appeal, where the evidence is conflicting, but is such as authorizes the jury to find the verdict returned.

APPEAL from the County Court of Peoria county; the Hon. R. H. LOVETT, Judge, presiding.

W. T. WHITING, for appellant.

W. T. IRWIN, City Attorney, for appellee.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

The city of Peoria adopted an ordinance for the levy of a special tax for the improvement of Hamilton street, between Monroe and Bluff streets. The ordinance describes the nature, character, locality and description of the improvement; provides that ninety per cent of the cost, including levying and collecting the tax, shall be paid by special taxation upon contiguous property, according to frontage; requires the improvement should conform to plans; divides the assessments into seven installments; authorizes and provides for the issue and sale of bonds, and appoints commissioners to make an estimate. The estimate was fixed at $23,461.78, and was approved by a resolution of the city council, which further authorized the filing of a petition. At the January term, 1895, of the county court of Peoria county the appellee filed its petition in that court, and the court appointed commissioners to spread the assessment. The commissioners reported that they examined the locality of said improvement, and that they proceeded to apportion and assess the sum of $23,461.78 upon the several lots, blocks, tracts and parcels of land contiguous to said improvement, by frontage, and that they made the assessment and assessment roll. By that assessment the special tax on appellant's land was $1234.45. Appellant and others

appeared and filed objections, and, as shown by this record, no other steps were taken until the January term, 1896. None of the objections are here urged as ground of reversal except the fourth and fifth, which are practically the same; and which raise the question that the special tax assessed on the property of appellant exceeds the special benefits to accrue by reason of the proposed improvement. That question was submitted to a jury on the trial, and on the question thus presented the jury found that appellant's property was benefited to the amount of the assessment. A motion for a new trial was overruled and a judgment of confirmation entered, and appellant prosecuted this appeal, and urges the following points for reversal: That the witnesses called on behalf of petitioner were permitted to testify as to the benefits of the property assessed, and were not confined to special benefits; that the verdict of the jury was against the evidence in the case; that the court erred in giving the jury certain instructions asked by appellee.

The special tax sought to be levied was proceeded with up to the spreading of the assessment roll by the commissioners prior to July 1, 1895, and after that date proceedings for confirmation were had before the county court of Peoria county. In *Illinois Central Railroad Co.* v. *City of Wenona,* 163 Ill. 288, it was said (p. 291): "This proceeding was commenced when section 17 of article 9 of 'An act to provide for the incorporation of cities and villages,' approved April 10, 1872, was in force, and under which the assessment of the commissioners was conclusive on the question of benefits to the property assessed, but the appellant was not required to answer the petition herein, and neither of said assessment rolls was presented to the county court for confirmation and judgment thereon until July 1, 1895, and after said original section 17 had been modified by the amendment thereto of June 21, 1895. * * * By the amendment by the last mentioned act it was provided no special tax should be levied or assessed

upon any property to pay for any local improvement in an amount in excess of the special benefit which such property shall receive."

In that case, as in this, the proceeding for the levy of a special tax was commenced before the act of June 20, 1895, was in force, and the judgment of confirmation was after that act became in force. The latter act applied to the proceeding for judgment for confirmation in this case. The proviso to that act is as follows: "That no special tax shall be levied or assessed upon any property to pay for any local improvement in an amount in excess of the special benefit which said property shall receive from such improvement."

The objection made that witnesses called on behalf of the petitioner were permitted to testify as to the benefits to the property assessed, and not confined to special benefits, must be decided by determining what is meant by the term "special benefits." If property is increased in value by an improvement it is a special benefit to the property. The benefit must be such as affects the market value of the land, and where its market value is increased as the effect of the work, a special benefit results. As held in *Metropolitan Elevated Railway Co.* v. *Stickney*, 150 Ill. 362 (on p. 382): "Special benefits are such benefits flowing from the proposed public work as appreciably enhance the value of the particular tract of land alleged to be benefited. As already said, the fact that other property in the vicinity is likewise increased in value from the same cause,—that is, also specially benefited by the improvement,—furnished no excuse for excluding the consideration of special benefits to the particular property in determining whether it has been damaged or not, and if it has, the extent of the depreciation in value,"—citing *Wilson* v. *Board of Trustees*, 133 Ill. 443; *Bohm* v. *Metropolitan Elevated Railway Co.* 129 N. Y. 576; *Rigney* v. *City of Chicago*, 102 Ill. 64. Whilst in the *Stickney case* the question arose under the Eminent Domain act, yet the same principle

was involved as here.   The evidence to which appellant objected was as to whether, and the extent to which, the land or lots were increased in value by the proposed improvement.   If it was so increased in value from that cause, then it was a special benefit, and it was not error to overrule the opposition to this evidence.

It is next insisted that the verdict was against the evidence.   It is clear there was evidence which authorized the verdict, and where the evidence is conflicting, but is such that the jury were authorized to find a verdict as' they did, this court will not determine the weight from such conflicting evidence and reverse the verdict.

It is then claimed that there was error in giving instructions as asked by the appellee.   Under this assignment of error the appellant makes the objection that the instructions fail to distinguish between public benefits and special benefits.   What we have said with reference to the admission of evidence disposes of this question. Taking into consideration the entire series of instructions, those given for appellee and those given for appellant, the jury were correctly instructed.

The judgment of the county court of Peoria county is affirmed.                              *Judgment affirmed.*