CHICAGO AND EASTERN ILLINOIS RAILROAD CO. *et al.*

*v.*

JEREMIAH DONWORTH.

*Opinion filed June 16, 1903.*

1. APPEALS AND ERRORS—*rulings on evidence closely scrutinized if right of recovery is doubtful.* If the evidence on which a right of recovery is based is doubtful, a court of review will closely scrutinize the rulings on evidence, and will reverse if there are any inaccuracies which might have prejudiced the losing party.

2. SAME—*when error is not cured by remittitur.* Error in admitting evidence upon the question of damages cannot be cured by *remittitur*, where there is nothing in the record to show to what extent such error affected the allowance of damages.

3. EVIDENCE—*when testimony as to rate of speed should be excluded.* Testimony by plaintiff in a personal injury case, upon the question whether the train was running faster than the ordinance limit of twenty miles, that he did not see the train until it was upon him, but that "I am told it must be going twenty-five or thirty miles an hour," should be excluded from the jury on defendant's motion.

4. SAME—*when statement of physician is incompetent.* A statement by a physician testifying as a witness for the plaintiff, that the latter had lost the power of hearing in his left ear, should be excluded when such testimony is not based upon the physician's actual knowledge but upon the declarations of the plaintiff.

*C. & E. I. R. R. Co.* v. *Donworth*, 105 Ill. App. 400, reversed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

PAM, CALHOUN & GLENNON, (W. H. LYFORD, of counsel,) for appellants.

JOHN C. KING, and WILLIAM J. KING, (ANDREW J. HIRSCHL, of counsel,) for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The appellee, at about the hour of 8:15 A. M., June 22, 1897, at a point in the city of Chicago where Twenty-sixth street, which runs east and west, crosses eight rail-

road tracks running north and south, while attempting to cross one of the said tracks (that of the Chicago and Western Indiana railroad) was struck by an engine drawing a south-bound passenger train operated by the Chicago and Eastern Illinois Railroad Company and received injuries to his person, for which, in an action against the appellant companies brought in the superior court of Cook county, he was, on a hearing before the court and a jury, awarded a judgment in the sum of $5000. On an appeal prosecuted by the appellant companies to the Appellate Court for the First District error was found in the record, to avoid the effect whereof the appellee, by leave of the court, entered a *remittitur* in the sum of $2000, and the judgment was affirmed for the sum of $3000, the remainder. A further appeal has been perfected to this court.

The case as claimed by the appellee was, that he was walking eastwardly on the south side of Twenty-sixth street and approached the railroad tracks from the west; that his view of the railroad tracks to the north was obstructed by a building which stood on the north side of Twenty-sixth street and also by a number of cars standing on tracks west of that on which the train was moving; that the gates which were placed for the purpose of being lowered across Twenty-sixth street when a train was approaching that crossing had not been let down; that neither the whistle was sounded nor bell rung upon the engine, and that the train was running at the speed of twenty-five or thirty miles per hour. On the contrary, the appellants claimed that the appellee was walking westward on the south side of Twenty-sixth street, and therefore approached the railroad tracks from the east; that there was nothing to obstruct his view of the approaching train; that the gates had been lowered across Twenty-sixth street; that the tower bell was ringing, and that appellee walked around the end of one of the gates and passed over the four tracks belonging to the Pitts-

burg, Ft. Wayne and Chicago railroad, across an inter-
vening space of fifteen feet, and thence on and across
the easternmost track of the appellant the Chicago and
Western Indiana railroad, then across a second interven-
ing space and to and upon a second track of said appel-
lant road, and was there struck by the engine, and that
the bell in the gate tower and the bell on the engine were
ringing during all the time he was making his way over
these railroad tracks; that it was a clear day and the
sun was shining brightly and the advancing train was in
full and open view, and that the speed of the train was
within the rate allowed by the ordinances of the city.

On these controverted questions there was a radical
and irreconcilable conflict in the evidence. The prepon-
derance in point of number of witnesses was not with the
appellee. One crossing these railroad tracks from the
west, going eastward, as appellee claimed he was going,
would present the left side of his body to a locomotive
which was approaching from the north. The right side
of the appellee's head and body and his right arm and
right leg were injured and the left side of his body, head,
left leg and left arm were uninjured, which fact tended
to support the testimony in behalf of the appellant com-
panies that the appellee was passing across the tracks
from the east toward the west. Where the evidence upon
which the recovery of a judgment is sought is slight or
doubtful, the rulings of the court upon questions of the
admissibility of evidence will be strictly scrutinized by
a court of review, and the judgment reversed if any in-
accuracy has occurred in such rulings which may have
operated to the prejudice of the losing party. This is a
familiar rule which has been often repeated in this court.

One ground of negligence relied upon to authorize a
recovery was, that an ordinance of the city of Chicago
restricted the speed of passenger trains at the crossing
of Twenty-sixth street to twenty miles per hour, and that
the train which struck the appellee was moving at the

rate of twenty-five or thirty miles per hour, in violation of the ordinance. One O'Neil, a brother-in-law of the appellee, testified that the train was running at the speed of twenty-five or thirty miles an hour. The appellee testified that he did not see the train until it was upon him, and that he at once jumped. He was asked whether he noticed how fast the train was going, and his answer was, "Well, by the way it came on me, I am told it must be going twenty-five or thirty miles an hour." There was no further proof in behalf of the appellee as to the speed of the train. Four witnesses on behalf of the appellant companies testified on the point. Two of them fixed the speed of the train at not exceeding twelve miles per hour and the other two at not exceeding fourteen miles per hour. The appellant companies moved the court to strike out the statement of the appellee that he had been told that by the way the train came upon him it must have been going twenty-five or thirty miles per hour, but the court denied the motion. The opinion expressed by the appellee as to the speed of the train was based upon what some person or persons had told him. He did not see the train until it was upon him, and had no opinion as to the speed with which it was moving except such as had been created in his mind by the statements of other persons, being the conclusions of such other persons based upon what he told them as to the facts and circumstances at the time of the accident. It was error to allow this opinion of the appellee to remain a part of the evidence for the consideration of the jury. It is true, the motion to exclude it from the jury was not made at once upon the expression of the opinion by the appellee, but it was made in ample time to enable the appellee to meet and answer the objection that it was incompetent. After the objection was made the appellee testified in his own behalf in rebuttal, but no attempt was made to show that he had any grounds upon which to base an opinion as to the speed of the train except statements made to him by

other persons, who had no knowledge of facts on which to base the statements made by them except statements made to them by him.

Dr. Stough, a witness produced on behalf of the appellee, testified that he had never treated the appellee, but had been employed by the appellee to make an examination of his person for the purpose of giving testimony on the trial. On his examination in chief the physician testified that the appellee had lost the power of hearing in the left ear. Counsel for the appellant companies moved to strike out this statement of the physician that the appellee had lost the power of hearing in his left ear, on the ground that it was based upon statements made by the appellee. This motion was overruled. On cross-examination the physician testified that he tested the hearing of appellee's left ear by holding a watch at some distance from the ear and asking him whether he heard the ticking of the watch, and that the appellee said he did not; that he looked into appellee's ear with a speculum; that all he could tell from the examination made with the speculum was that the condition of the tympanum of the ear was such that it was his opinion the sense of hearing was somewhat affected, and that he knew that his hearing was to some extent affected, and further testified that so far as it was possible to know, "it is my opinion that he has lost the hearing of his left ear, and that opinion is based upon what he told me and what I saw; what I saw did not tell me that he had lost the hearing, but merely that it might be affected." The motion to strike out the opinion expressed by the physician in his examination in chief, that the appellee had lost the power of hearing in his left ear, was renewed, but was again denied. The examination made by Dr. Stough was some three years after the alleged injury had been received, and was made at the instance of the appellee for the purpose of enabling the physician to become a witness in appellee's behalf in his

action against the appellant companies. The appellee was not then in care of the physician for treatment and had never been under his care. Declarations made by the appellee to Dr. Stough under such circumstances were self-serving, and not competent to be received in evidence. (*West Chicago Street Railroad Co.* v. *Carr*, 170 Ill. 478.) The opinion expressed by the physician that the appellee had lost the power of hearing in his left ear was, it is clear, based upon the declarations of the appellee to the physician, and it was error to overrule the appellant companies' motion to strike such opinion from the evidence. The effect of these rulings of the court was to authorize the jury to regard as proven that the appellee had lost the sense of hearing in his left ear and to award appellee damages accordingly. Thus appellee was allowed to enhance his damages by proof of his own self-serving and incompetent assertions. To what extent the damages were so enhanced it was not possible for the Appellate Court to ascertain. There is nothing in the testimony by which the amount allowed by the jury as damages for the injury to appellee's loss of hearing can be segregated from the damages allowed the appellee because of the injury to his right knee, his right thigh, right arm, right side of the head and his back. In such state of case the error in the admission of the evidence cannot be cured by the entry of a *remittitur*. *Chicago, Milwaukee and St. Paul Railroad Co.* v. *Hall*, 90 Ill. 42; *Hartford Deposit Co.* v. *Calkins*, 186 id. 104; 3 Cyc. 438, 439.

Many other grounds for reversal are urged, but none of them are likely to arise upon a re-trial of the cause. It is not necessary, therefore, they should be discussed and determined.

Because of the errors indicated the judgment of the Appellate Court and that of the superior court are each reversed, and the cause is remanded to the superior court for such other and further proceedings as to law and justice shall appertain.        *Reversed and remanded.*