Peoria, Bloomington and Champaign Traction Co.

*v.*

Frank A. Vance *et al.*

*Opinion filed February 21, 1907.*

1. Eminent domain—*measure of damages to land not taken.* The measure of damages to land not actually taken for railroad right of way is the difference in the fair cash market value of the land before and after the construction of the railroad, or, otherwise stated, the amount, if any, which the lands not taken will be depreciated in their fair cash market value by the construction and operation of the railroad.

2. Same—*what should be considered as special benefits.* In determining whether, or in what amount, property not actually taken for railroad right of way will be damaged by the construction and operation of the railroad, any benefits which are not conjectural or speculative and which actually enhance the market value of the property are to be considered as special and not general benefits, under the rule that general benefits cannot be considered.

3. Same—*the fact that other property is similarly benefited does not make such benefit general.* Special benefits to land not actually taken for railroad right of way do not become general by reason of the fact that such benefits are common to other property in the vicinity of the proposed railroad.

Appeal from the County Court of McLean county; the Hon. Rolland A. Russell, Judge, presiding.

Livingston & Bach, for appellant.

Welty, Sterling & Whitmore, for appellees.

Mr. Chief Justice Scott delivered the opinion of the court:

Appellant, Peoria, Bloomington and Champaign Traction Company, is constructing an interurban electric railroad from Bloomington to Peoria, in this State, which passes through the village of Danvers. On June 9, 1906, it instituted proceedings in the county court of McLean county to condemn a strip of land off the south side of appellees' farm

for·its right of way.  This farm is between the village of Danvers and the city of Bloomington, being about one mile from the former and nine miles from the latter.  Appellees filed a cross-petition praying that damages occasioned to the balance of the farm by reason of the taking of said strip and the construction and operation of the railroad thereon be ascertained and awarded to them.  The jury, after hearing the evidence and viewing the premises, returned a verdict awarding to appellees $1600 as compensation for land taken and $1900 as damages to land not taken.  After overruling appellant's motion for a new trial the court entered judgment in accordance with the verdict, and appellant appeals.

Appellees' farm consists of 172 acres.  The land sought to be taken is a strip, containing 4.43 acres, off the south side of the farm and adjoining the public highway between Bloomington and Danvers.  The right of way enters the farm at the south-east corner and proceeds west, taking a strip eighty-two and one-half feet wide until it reaches the barn. It is then narrowed to sixty feet in order to avoid taking the house and barn, which are only from three to five feet north of the north line of this sixty-foot strip.  After passing the buildings the right of way is widened to eighty-two and one-half feet, and so continues until it reaches the west line of the farm.  The portion of the 172 acres not taken will all lie north of the right of way and will be separated by it from the highway on the south.  In constructing the·railroad it will be necessary to make a cut in front of the house and barn.  The deepest portion of the cut will be in front of the house, where the·top of the rail will be two feet below the present surface of the ground.

It was practically conceded by appellant, on the trial, that the buildings would have to be moved to another part of the farm and that the portion of the farm not taken would be damaged in other respects, but it was contended that such damages were to a great extent, if not entirely, offset by the benefits which the land would receive from the construction

and operation of the railroad, and the testimony of witnesses was offered to sustain that contention. Some of these witnesses testified that the benefits would equal the damages and that there would be no depreciation in the market value of the land not taken, while others of appellant's witnesses were of the opinion that the damages would exceed the benefits, but not in as large an amount as the jury awarded for damages to the land not taken. Such amount so awarded for damages last mentioned, however, was within the range of the testimony of the witnesses for the appellees.

Appellees offered, and the court gave to the jury, the following instruction, numbered 11:

"The court instructs the jury that you should not set off against damages to the land not taken any general benefits which you might believe, from the evidence, that this farm would receive on account of the location of this railroad near it. By general benefits are meant those which the land would share in common with others in the same vicinity, and all evidence in this case before the jury relating to general benefits, such as that of making a better market or affording convenience for trade and travel, should not be considered by the jury. Only such benefits as are special to this farm and not common to the other farms in the vicinity can be set off against damages to the land not taken, and if there are no special benefits to this farm by reason of the location of this railroad near it,—that is, no benefits which would not appreciate the fair cash market value of this particular farm, —then the jury, making up their verdict, should consider no benefits whatever to the land not taken."

Appellant contends that this instruction announced an incorrect statement of the law, and that the court, in giving it, committed reversible error. We agree with this contention. Since the adoption of the constitution of 1870 it has been uniformly held by this court, in such cases as this, that the measure of damages to land not taken is "the difference in the fair cash market value of the land before and after the

construction of the railroad," or "the amount, if any, which lands not taken will be depreciated in their fair cash market value by the construction and operation of the proposed road." *Chicago and Pacific Railroad Co.* v. *Francis,* 70 Ill. 238; *Page* v. *Chicago, Milwaukee and St. Paul Railway Co.* 70 id. 324; *Eberhart* v. *Chicago, Milwaukee and St. Paul Railway Co.* 70 id. 347; *Chicago, Burlington and Northern Railroad Co.* v. *Bowman,* 122 id. 595; *Metropolitan West Side Elevated Railway Co.* v. *Stickney,* 150 id. 362; *Allmon* v. *Chicago, Paducah and Memphis Railroad Co.* 155 id. 17; *Illinois Central Railroad Co.* v. *Turner,* 194 id. 575; *Chicago and Milwaukee Electric Railroad Co.* v. *Mawman,* 206 id. 182; *Illinois, Iowa and Minnesota Railway Co.* v. *Easterbrook,* 211 id. 624; *Hartshorn* v. *Illinois Valley Railway Co.* 216 id. 392; *Chicago Southern Railway Co.* v. *Nolin,* 221 Ill. 367; *Chicago, Bloomington and Decatur Railway Co.* v. *Kelly,* 221 id. 498.

Under the rule adopted in this State for determining whether, or in what amount, property not taken will be damaged by the construction and operation of a railroad, any benefits which are not conjectural or speculative, and which actually enhance the market value of such property, are to be considered as special benefits and not as general benefits, within the meaning of the rule that general benefits cannot be considered in determining whether, or in what amount, property not taken will be damaged. Special benefits do not become general benefits because the benefits are common to other property in the vicinity. The fact that other property in the vicinity of the proposed railroad will also be increased in value by reason of the construction and operation thereof furnishes no excuse for excluding the consideration of special benefits to the particular property in determining whether it has been damaged, and if it has, the extent of the depreciation in value. *Stickney case, supra; Metropolitan West Side Elevated Railroad Co.* v. *White,* 166 Ill. 375; *Fahnestock* v. *City of Peoria,* 171 id. 454.

In the *Stickney case* it was said, at page 383 of volume 150 of our Reports: "Thus, the situation of the property, the use to which it is devoted and of which it is susceptible, the character and extent of the business to which it is adapted, before and after the construction of the public work, and, indeed, every fact and circumstance legitimately tending to show a depreciation or enhancement of the value of the property, are proper to be considered, so far as they tend to show the actual value of the land without and with the proposed taking for the public use, while, on the other hand, a consideration of facts or circumstances tending to show those general benefits supposed to flow to the community at large, or to the public generally, from the construction of the proposed railroad or other public work, and the effect of which, in determining the injury or benefit to the particular tract of land, cannot be other than conjectural and speculative, is excluded."

By appellees' eleventh instruction, which is above set out, the court, after advising the jury that they should not consider any general benefits that the farm would receive from the location of the railroad near it, stated that "by general benefits are meant those which the land would share in common with others in the same vicinity," and that "only such benefits as are special to this farm and not common to the other farms in the vicinity can be set off against damages to the land not taken." If the jury believed, as they well might from the evidence, that appellees' farm would be enhanced in value by reason of the construction and operation of the electric railroad, it is more than probable that they also believed that other farms in the vicinity would also be increased in value from the same cause. The prejudicial effect of the instruction is therefore apparent.

It is unnecessary to consider other errors assigned.

For the error in giving appellees' eleventh instruction the judgment will be reversed and the cause remanded.

*Reversed and remanded.*