# Ella A. Brand et al., Executors, Appellants, v. Union Ele=vated Railroad Company et al., Appellees.

## Gen. No. 16,414.

MEASURE OF DAMAGES—*in action for injury to real property.* In such a case the measure of damages is the difference in value of the property before the proposed construction and what it was afterwards.

Action on the case. Appeal from the Superior Court of Cook county; the HON. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the February term, 1910. Affirmed. Opinion filed April 1, 1912.

HARRY S. MECARTNEY, for appellants.

CLARENCE A. KNIGHT and WILLIAM G. ADAMS, for appellees.

MR. JUSTICE SMITH delivered the opinion of the court.

The appellants, hereinafter called plaintiffs, brought an action on the case against the appellees, hereinafter called defendants, for damages to certain premises described in the declaration, being on the west side of Wabash avenue between Jackson boulevard and Van-Buren street, known and described at that time as No. 259 Wabash avenue, in the city of Chicago, caused by the erection of an elevated railroad structure by the defendants on Wabash avenue in front of the said premises, and over which the defendants operated their respective trains. The Court, on a hearing before a jury, at the close of the plaintiff's case, instructed the jury to find for the defendants, and upon such verdict so returned the Court entered judgment and the plaintiffs appealed.

The plaintiffs introduced evidence showing the location and construction of the said elevated railroad structure and the operation of its trains thereon; also the location, construction and character of the said premises and improvements thereon, together with the value thereof and rents therefrom. The uncontroverted evidence of the plaintiffs was that the value of the said premises at the time of the completion of the said elevated structure and the beginning of the operation of the trains thereon, and for two or three years thereafter, was the same as the value thereof at, or immediately prior to, the commencement of the erection of said structure.

The trial court instructed the jury, following the rule as to damages announced in West Side Elevated Ry. Co. v. Stickney, 150 Ill. 362, and the subsequent cases

adhering thereto—among others, Met. West Side El. R. R. Co. v. White, 166 Ill. 375, Fahnstock v. City of Peoria, 171 Ill. 454, Illinois Cent. R. R. Co. v. Turner, 194 Ill. 575, Peoria B. & C. Traction Co. v. Vance, 225 Ill. 270, Eldorado M. & S. W. R. R. Co. v. Everett, 225 Ill. 529—that the measure of damages is the difference in value of the property before the proposed construction and what it was afterwards. And the rule as to the measure of damages in the said cases brought to condemn property is the same rule to be applied in cases brought to recover damages to property such as the case at bar. Aldis v. Union El. R. R. Co., 203 Ill. 567.

The plaintiffs present the question, in the language of their counsel: "Whether or not upon the trial of such a case only the 'direct, proximate and physical benefits' can be set off against 'direct, proximate and physical damages;' that is, in particular, whether or not the ordinary benefits from improved travel facilities accruing to the property involved should not be eliminated from consideration; and as to whether or not the property owner has a constitutional right to such benefits as a property owner of the district specially served by the road and as entitled to the 'equal protection' or 'benefit' of the law with other property owners thereof." We understand that the plaintiffs do not urge other errors assigned, but that they insist upon a review of the rule announced in the Stickney case, *supra,* confident in their belief that the great weight of authority is not in accord therewith; and upon a full and careful consideration of the constitutional provisions that "private property shall not be taken or damaged for public use without just compensation," and "no person shall be deprived of life, liberty or property without due process of law," the principles announced by Mr. Lewis in his work on Eminent Domain, the decisions of the courts in many other jurisdictions and recent decisions by our own

Supreme Court, that this Court will conclude that the said rule has been, and should be, so modified that it will be held that the plaintiffs established a cause of action.

In support of their contention the counsel for plaintiffs has presented with force and vigor exhaustive and learned arguments, which have received our careful consideration. It would be interesting and a pleasure to us to discuss and comment upon many of the propositions so clearly stated and analyzed by counsel; but whatever our personal views may be pertaining thereto, such discussion or comment could be of no avail. We are of the opinion that this Court is concluded by the authorities above cited announcing the rule as to the measure of damages, and that the said rule controls and governs in the case at bar. It follows that the trial Court committed no error in instructing the jury to find for the defendants, and the judgment is affirmed.

*Affirmed.*