## John E. Geohegan et al., Appellants, v. Union Elevated Railroad Company et al., Appellees.

### Gen. No. 17,429.

1. ELEVATED RAILROADS—*damages.* In an action on the case, where plaintiff avers damage to real estate resulting from the construction and operation of an elevated railway, he cannot contend that the issues are limited to damage from construction.

2. ELEVATED RAILROADS—*instructions with reference to damage.* In an action on the case, where the issues are as to the damage to realty from an elevated railway, instructions using the words "operation and maintenance" will be construed to include "construction," and the omission of the word "construction" is not error.

3. ELEVATED RAILROADS—*instructions as to damages.* Instructions giving a "before and after" rule of benefit or damage in an action for damages to realty by an elevated railway are not erroneous because they fail to eliminate other elements, such as increase of population, better business conditions, etc.

4. ELEVATED RAILROADS—*damages.* In an action for damages to real estate by an elevated railway, it is not error to refuse instructions which exclude from the consideration of the jury travel benefits or so much of the travel benefits as the property shared with other property in the neighborhood.

5. ELEVATED RAILROADS—*evidence of damage.* In an action for damage to real estate by an elevated railway, it is not error to exclude testimony tending to show that benefits to property a block away would be greater.

6. ELEVATED RAILROADS—*evidence as to damages.* It is not error to exclude testimony of a witness as to depreciation in the market value of property, considering the railway alone and without operation, when the action was for damages caused by construction and operation.

7. EVIDENCE—*testimony of agent that he signed petition for construction of railway.* In an action for damage to real estate by an elevated railway, it is not error to permit a witness to be asked as to whether, as agent for plaintiff, he signed a consent petition, to have the railway constructed.

Appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed October 22, 1912.

HARRY S. MECARTNEY, for appellants.

JAMES J. BARBOUR, for appellees.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

An action on the case was brought in the Superior Court of Cook County by appellants (plaintiffs below), to recover damages to real estate resulting from the construction and operation of an elevated railroad by the appellee (defendants below), in Fifth avenue, in the city of Chicago, in front of appellants' premises, known as Nos. 47 and 49 Fifth avenue (old numbers), a frontage of 38 feet, and located about halfway between Lake and Randolph streets. A four-story and basement brick building occupied the premises.

The declaration, consisting of one count, alleges that this building was and is occupied by tenants for short terms, and is particularly adapted for hotel, lodging house, office and mercantile business; that the construction and operation of the elevated railroad aforesaid by appellees permitted and caused to be thrown from their cars, trains and station platform upon said premises and said street in front of said premises, soot, smoke, steam, cinders, sparks, ashes, coal, dirt, water, snow, ice, grease, oil and filth; and caused the air in and about said premises to be filled with disagreeable and harmful odors, steam, vapors and gases; and caused great noises, rumblings, creakings, uproar and confusion,—thus interfering with the use of the premises for which they were adapted and causing a depreciation in their value.

Upon trial the jury returned a verdict of not guilty.

Appellants urge as grounds for reversal that the court erred in giving certain instructions on behalf of defendants and in refusing certain instructions tendered by plaintiffs; that the conduct of appellees' counsel was unfair and prejudiced the jury against

appellants; that the verdict and judgment are against the law and weight of evidence.

Counsel for appellants, in his brief, urges that the case is brought for the construction of the elevated railroad for railroad uses, not for the construction, maintenance and operation. With this contention we cannot agree for the reason that the declaration avers that upon the completion of the elevated railway structure, station house, connections, etc., the defendants then and there proceeded to and did operate, and from thence hitherto have continued, and will henceforth continue to operate, over and upon and along said elevated railway structure in front of said premises a large number of engines, cars and trains of cars, and by the construction and operation of the road, defendants permitted and caused to be thrown from said cars and trains and said structure upon said premises and said street in front of said premises, large quantities of soot, smoke, steam, cinders, sparks, ashes, coal, dirt, water, snow, ice, grease, oil and filth, etc., and caused great noises, rumblings, creakings, uproar, and confusion, and disturbed and prevented rest and sleep of the occupants of said premises in the night time and daytime as well, etc.

It is urged that some twelve of the instructions tell the jury that the issue is whether the premises in question have been damaged or benefited by the maintenance and operation or operation alone, and only a few of the instructions have the word "construction" in them, while one instruction directly charges plaintiffs with future benefits. We think operation and maintenance of the road necessarily includes construction, and that if the word "construction" had been added in all of the instructions, no new or different meaning would have been conveyed. Maintenance means allowing the structure to stand as it is, and in all fairness, coupled with the other instructions given in the case, includes the acts of defendants in building the structure and keeping it in the street.

The argument of counsel with reference to these instructions and to all of the instructions objected to is peculiar in this,—that no instruction is selected for discussion, nor is it shown to the court in what connection the words "maintenance and operation" are used in any particular instruction,—simply the number of the instruction is given to the court, and counsel proceeds no further in the argument than to state generally his objection; in fact, he opens his argument in the case as follows: "The points made against the instructions are so many and so obvious that argument upon them would be simply 'carrying coals to Newcastle,' and we forbear."

We are of the opinion that the omission of the word "construction" in the instructions designated was not material error.

It is urged that four instructions, which aim at giving "a before and after" rule of benefit or damage, do not eliminate other elements, as increase of population, better business conditions, etc. These instructions, Nos. (7), (16), (23) and (32), are pointed out simply by numbers as falling within the above objection. We do not think that the instructions are objectionable because of their failure to eliminate increase of population, better business conditions, etc., from the consideration of the jury.

Instructions Nos. (9), (11), (15), (17), (19), (21), (24) and (26) are complained of as containing the vice of singling out portions or elements of the evidence and thus giving undue prominence to them. In our opinion the criticism is not well taken.

We have examined the other instructions given and find no error therein, and none are pointed out to us.

Complaint is also made of the refusal of instruction No. 7, asked by the plaintiffs. That instruction would have told the jury to exclude from their consideration all travel benefits or so much of the travel benefits as the property shared with other property in the general neighborhood of the structure in offsetting bene-

fits to damages. This is not the law as we understand. Metropolitan W. S. El. R. Co. v. Stickney, 150 Ill. 362. We are, however, urged to overrule the Stickney case and establish a different rule, or the rule announced in refused instruction No. 7. It is not our province to directly or in effect overrule decisions of the Supreme Court. It is our duty to follow them.

Complaints are made with reference to rulings of the court upon evidence in the exclusion of material testimony offered by the plaintiffs. We understand the reference on this point to be to the cross-examination of the witness Wood. It appears that the question asked was in what respect the beneficial effect of the elevated railroad to the property on La Salle street differed as to the property on Fifth avenue. This question called for a comparison of benefits for the purpose of showing that the road would bring more benefit to a piece of property a block away than it would to property fronting the elevated structure. We think the exclusion of the evidence was proper. Chicago & P. R. Co. v. Francis, 70 Ill. 238.

The only other portion of the record to which our attention is called, where the ruling on evidence is claimed to be erroneous, is the attempted recall of the witness Winston on cross-examination for the purpose of asking him the same questions as to comparative effects of the road on property on La Salle and Clark streets, which were ruled out while the witness Wood was on the stand.

Complaint is also made that Mr. Getchell, a witness for the defense, was asked on cross-examination his estimate of the depreciation in market value which this structure, considered alone and without operation, would have upon these premises, or would have had in 1897. The court sustained defendants' objection to the question upon the ground that no such condition was shown to exist. The declaration asks for damages not only for the construction, but for the operation of the road. It asks damages because of the erection

of the structure for the purpose of its permanent operation as an elevated road. Appellants, however, had the benefit of the witness' statement to the effect that the structure itself would be an objection in front of business property. The witness further said that whatever damage of the structure as to the light and air on the premises there might have been, was offset by the benefit from the transportation facilities of the structure. The jury, therefore, was possessed quite fully of the views of the witness as to whether or not the property was damaged by the structure in 1897, and no possible harm came to plaintiffs from the ruling on his cross-examination.

In our opinion, the court did not err in permitting the question to be asked of Mr. Fitch as to whether he had signed a consent petition as agent for appellants to have the railroad constructed.

It is urged on behalf of appellants that the verdict is against the weight of the evidence, and the court is asked to do the unprecedented thing of entering judgment for the plaintiffs here in this action of unliquidated damages.

The evidence on behalf of appellants consists of a number of photographs, showing the premises from different points of view; the testimony of Judge Fitch as to rents, values and damages; the testimony of William B. Gibbs, who testified as to property twenty feet south of the property in question sold in 1892 for $26,000 for the land and $12,000 for the building; the testimony of Oscar Wolf, who was a tenant of the building from 1895 to 1898, and stated the effect in his opinion of the operation of the trains upon the use of the premises resulting from the noise, the lessening of light, etc. Judge Fitch's testimony related largely to the rents from 1892 on, and the diminution or decrease in the rental values. His method of arriving at the results which he gave was by deducting insurance and taxes from the toal amount of rents received, and then capitalizing the net balance at five per cent. interest.

On the part of the defense the testimony .was received of Mr. Griffin, secretary and treasurer of the Northwestern Elevated R. R. Co. and the Chicago & Oak Park Elevated R. R. Co., as to the number of passengers carried by the four elevated roads from and to the loop; also the witnesses Howe, Wood, Winston, Bechtel, Kesner, White, Whedon, Davis, Getchell and Stevens. Upon consideration of the testimony in the record, we cannot say that the verdict of the jury is contrary to the evidence. We find no reversible error in the record, and the judgment is affirmed.

*Affirmed.*