THE CHICAGO UNION TRACTION COMPANY

*v.*

ADAM LAUTH.

*Opinion filed June 23, 1905.*

1. TRIAL—*party is not bound to repeat objection to argument after it is overruled.* If defendant's objection to plaintiff's line of argument is overruled he is not bound to renew his objection to each remark in that line, and no rights are lost by failure to do so.

2. SAME—*when ruling on objection to argument is, in effect, an instruction.* Overruling defendant's objection to the line of argument of plaintiff's counsel, who is arguing for the allowance of exemplary damages, is, in effect, an instruction that such damages are allowable in the case, where plaintiff's counsel has said to the jury that he would ask no instructions but would tell them what the law was, in his argument.

3. SAME—*court's error in sustaining line of argument is not removed because counsel believed he was right.* The fact that counsel for the plaintiff honestly believed that exemplary damages could be allowed in the case does not remove the error of the court in sustaining his line of argument in favor of exemplary damages, over the defendant's objection.

4. DAMAGES—*when exemplary damages cannot be allowed.* Exemplary damages cannot be allowed in a personal injury case in the absence of evidence tending to show that the act of the defendant, or its servants, was willful, malicious or wanton.

5. NEGLIGENCE—*what does not tend to show willful or wanton injury.* Proof that the conductor of a street car was standing with his back to the rear of the car, looking upward at the trolley, which he was preparing to shift at the proper moment while the car was backing a short distance in order to cross from one track to another, does not tend to show a willful or wanton injury to plaintiff, whose carriage was struck by the backing car.

6. APPEALS AND ERRORS—*when error cannot be cured by remittitur.* Error in permitting plaintiff's counsel to argue for the allowance of exemplary damages cannot be cured by *remittitur,* on appeal, where there is nothing in the record to show to what extent the erroneous ruling affected the verdict, which is largely in excess of mere compensatory damages.

7. SAME—*sustaining objection to argument does not always cure error.* Although the trial court has sustained objections to the improper line of argument persisted in by counsel, a new trial should be awarded if it appears that the abuse of argument has worked an injustice to the other party by arousing the prejudice and passion of the jury despite the rulings of the court.

MAGRUDER, J., dissenting.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. RUSSELL P. GOODWIN, Judge, presiding.

JOHN A. ROSE, HENRY W. BRANT, and ALBERT M. CROSS, (W. W. GURLEY, of counsel,) for appellant.

JOHN F. WATERS, (C. HELMER JOHNSON, of counsel,) for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

A surrey in which appellee was riding on Lake street, in the city of Chicago, was struck by an electric car of appellant and he was thrown out and injured, and brought this suit

in the superior court of Cook county to recover damages on account of his injuries.

The defendant had double tracks on Lake street, and the car came from the west on the south or east-bound track, and in the ordinary operation of the road would have turned south into State street. On that occasion a Grand Army parade was forming in State street, and cars were compelled to stop at that street and switch from the south track to the north track for the return trip west. Defendant had a foreman stationed at that point, and when the car stopped just west of State street he directed the motorman to cross on the switch from the south track to the north one. The motorman took his position on the west end of the car and attempted to make the crossing on the switch, but the car missed the switch, and by direction of the foreman the motorman backed up to try again. The evidence for the plaintiff was that the surrey in which the plaintiff was riding was started across the track from the south before the car started to back up, and that no signal or warning was given that the car was about to back, and the conductor stood with his back toward the surrey. The conductor was on the east end of the car, holding the trolley rope. Although there was a switch from one track to the other, there was no crossing wire, and it was necessary to take the trolley off the south wire and adjust it on the north wire at the proper time. The conductor was prepared to take the trolley off when the car would take the switch for the crossing, and the evidence for the plaintiff was that he was looking up at the wire. The surrey was struck by the car and the plaintiff was thrown out and suffered the injuries for which the suit was brought. There was no evidence tending to show any willful or intentional injury, or anything more than negligence and inadvertence on the part of the servants of the defendant.

The jury found the defendant guilty and assessed plaintiff's damages at $15,000. Judgment having been entered on the verdict, an appeal was taken to the Appellate Court

for the First District. The appeal was heard in the branch court and an opinion was filed, which, after finding that the damages awarded were excessive and beyond any sum that could be regarded as compensation for plaintiff's injuries, directed that if he should, within ten days, remit from the judgment $5000 it should be affirmed for the remainder, but otherwise it would be reversed and the cause remanded. An order was afterward entered reciting that a *remittitur* of $5000 had been entered in accordance with the opinion of the court filed in the cause, and therefore the judgment was affirmed for the sum of $10,000.

The grounds upon which a reversal is asked are, that counsel for the plaintiff, in the argument of the cause to the jury, made improper and unjustifiable statements and also pursued an improper course of argument as to damages, and that a ruling of the court with respect to damages was erroneous.

Counsel for plaintiff, in addressing the jury, argued to them that they ought to consider the public as well as the individual injury, and to give such exemplary damages by way of punishment as would deter the defendant from like practices in the future. On that subject he said: "When you go to assess damages, if you get to exemplary damages you have a right to take into consideration what the defendant is. What will punish a man worth $10,000 will not punish a rich corporation, and *vice versa.*" Counsel for defendant objected to that line of argument, and the objection was sustained, as it appears from a discussion between the court and counsel for plaintiff, on the ground that there was no evidence of the wealth of the defendant. Counsel for the plaintiff, resuming the subject of exemplary damages, said: "I want you, when you go out, to make up your minds what this man is entitled to for the irreparable injury he has sustained; and then, if you think the defendant should be punished by smart money or exemplary damages, then make up your verdict accordingly; and whether they will appeal or

not, we will take care of that." Counsel for defendant objected and the court overruled the objection, saying that he did not think there was anything wrong with the argument. Counsel for plaintiff had stated to the jury that he would not ask a single instruction, even on the measure of damages, and none were asked on the part of the plaintiff, but counsel insisted that the law authorized a recovery of smart money or damages by way of punishment, and the court, by the ruling, held that such damages might be assessed and were a proper subject of argument to the jury. The same line of argument was continued, and counsel urged the jury to allow such a sum in addition to compensation for the defendant's injuries as in their judgment would punish the defendant and deter it and others from like practices in the future. In the closing argument counsel said: "And I state to you again, fully recognizing the responsibility, that I—responsibility of what I am saying,—that I believe that the facts in this case warrant you in finding that this act was wantonly and recklessly done, and warrant you in finding, in addition to compensatory damages, such a sum by way of exemplary damages as will punish this defendant and deter other people and other corporations from offending in like manner in the future." Counsel now says that this last statement was not objected to at the time it was made, and because no objection was made or ruling obtained it cannot now be considered. That and other statements and arguments made by counsel were made after the court had ruled on the question and held that there was nothing wrong in that sort of argument. It was not necessary to constantly interrupt counsel and repeat the same objection after a ruling had once been obtained. Such conduct on the part of counsel for defendant would have been improper, and no right was lost by failing to adopt such a course. Counsel who made the argument to the jury also insists that the judgment should not be reversed on account of such argument because he honestly believed that exemplary damages by way of punishment could actually

be recovered in the case, and that he was therefore not guilty of abuse of argument in so contending before the jury. Supposing that position to be correct, the error of the court is not thereby removed, and the real objection is that the ruling was wrong. It amounted to an instruction to the jury that the case was one which authorized an allowance by them, to the plaintiff, of damages as punishment of the defendant. Counsel said to the jury that he would not ask the court to give any instruction but would inform them what the law was, and the court, by the ruling, told the jury that the statement of the law made to them was correct. If the court had given such a direction in a written instruction it would have been no more harmful than the statement that there was nothing wrong with the argument that was being made as to the law.

There was no evidence whatever which could justify the jury in awarding exemplary damages for the purpose of punishment, and under the law such damages could not be awarded. In *Illinois Central Railroad Co.* v. *Hammer,* 72 Ill. 347, it was decided that a private corporation which itself has done no wrong and is not at fault cannot be held liable to punitive damages on account of gross negligence of its servants, and is only liable for such damages in case they willfully or wantonly injure others. It was said: "A mere omission of duty, although grossly negligent, should not be sufficient, but some intention to inflict the injury, or a reckless, wanton disregard for the safety of others, should appear to warrant punitive damages." Exemplary damages cannot be awarded against a defendant unless the act of its servants was willful, malicious or wanton. (*Pullman Palace Car Co.* v. *Reed,* 75 Ill. 125.) The Appellate Court adopted the correct view of the law, but affirmed the judgment upon a reduction being made to such a sum as that court regarded as actual compensation for the injuries sustained. The principal question now to be considered is whether the error was cured by the *remittitur.*

The jury were not limited to actual damages, but under the ruling of the court might allow damages as smart money, to teach the defendant to operate its cars with greater regard for the safety of the public. The rule laid down was incorrect, and the Appellate Court found that the judgment was in excess of actual compensation for the injuries sustained and included an allowance beyond such damages. The general rule as to errors which may be cured by a *remittitur* is stated in 3 Cyc. 438, as follows: "Generally, when the injury resulting from an error committed on the trial can be segregated from the amount of the verdict, which was otherwise supported by the evidence, the judgment may be affirmed for the residue on the remission of such excess by the prevailing party. * * * But where it is impracticable for the appellate court to ascertain to what extent the verdict has been affected by an error committed on the trial, a new trial will usually be granted." In *Chicago, Milwaukee and St. Paul Railroad Co. v. Hall,* 90 Ill. 42, where instructions authorized the jury to allow damages of a kind that could not be recovered, it was held that the error was not cured by a *remittitur,* since the court could not know how much the jury allowed for damages of that character. The decision in the case of *Chicago and Eastern Illinois Railroad Co.* v. *Donworth,* 203 Ill. 192, was to the same effect. It was there held that an error in admitting evidence on the question of damages cannot be cured by a *remittitur,* where there is nothing in the record to show to what extent such error affected the amount of damages. The same rule was declared in *Hartford Deposit Co. v. Calkins,* 186 Ill. 104, and these decisions are directly applicable to this case. There is nothing in the record to show to what extent the erroneous ruling of the court respecting vindictive damages affected the verdict, and no appellate court could tell how much of the verdict was vindictive damages. As the Appellate Court could not determine what amount the jury allowed as actual damages and what as vindictive damages, the court could not

take out of the judgment, by requiring a *remittitur,* the amount allowed for vindictive damages. It might be that the jury found, as under the evidence they might have found, that the actual damages were much less than $10,000, and the judgment of the Appellate Court may still include vindictive damages allowed by the jury. We have often held that where an error of the jury arises from misapprehension or mistake which does not permeate or affect the entire verdict and the amount of the excess above what should be allowed is ascertainable, a *remittitur* may cure the error. But in this case the amount allowed by the jury above actual compensation is not ascertainable and the error cannot be cured by a *remittitur.*

What counsel said about a rich corporation was indefensible from any point of view, and there are other charges of misconduct on his part in his closing argument to the jury, and the charges are well founded. He said to the jury: "Why, gentlemen, they didn't have the decency of a rattlesnake. A rattlesnake shakes his tail to warn a traveler, but the Chicago Union Traction Company runs into people's carriages without even ringing a bell." And again: "Now, gentlemen, my time is about up. Take this case—it is an important one. The amount sued for here is, as I told you before, $25,000. I do not know how you feel about it. I would not have Lauth's knee for $25,000, so far as I am concerned." To each of these statements objection was made and sustained, and the ruling was proper for the reasons that mere abuse is not argument, and that the question was not what the learned counsel would be willing to suffer an injury for, but what were the actual damages to the plaintiff. No objection can be made to the ruling of the trial court, which was correct. But a ruling does not always remove the ill effects of misconduct of counsel. The rule is, that although the trial court may have done its full duty in its supervision of the trial and in sustaining objections, a new trial should be granted where it appears that the abuse of argument has

worked an injustice to one of the parties.   (2 Ency. of Pl. & Pr. 751.)   The effect of such argument may be sufficiently counteracted by a ruling or instructions, or it may be that improper argument may be effective in arousing prejudice and passion notwithstanding the fact that the ruling of the court was correct.   (*Wabash Railroad Co.* v. *Billings,* 212 Ill. 37.)   In *West Chicago Street Railroad Co.* v. *Annis,* 165 Ill. 475, the court said: "Trial courts should not hesitate to use their authority to restrain all efforts of attorneys to obtain verdicts by using unfair means, * * * and whenever such restraining influences do not effect the purpose, the fruits of such unprofessional conduct ought to be taken away by granting a new trial." The judgment of the Appellate Court is conclusive that the verdict was far in excess of actual damages.   Whether the *remittitur* required by the Appellate Court would have served to obviate objections to the argument aside from the question of vindictive damages or not, it could have no such effect as to the allowance of such damages under the ruling of the court, and for that reason, at least, the judgment must be reversed.

The judgments of the Appellate Court and superior court are reversed and the cause is remanded to the superior court.

*Reversed and remanded.*

Mr. JUSTICE MAGRUDER, dissenting:  I do not concur in this opinion and think that the case was decided right on the first hearing of the cause, when the judgments of the lower courts were affirmed for the reasons stated in the opinion of the court then filed, which opinion is spread upon the records of this court and may be found in Vol. 98 of opinion records, page 280.