Charles H, Cohen, J.
This action arises out of injuries suffered by the infant plaintiff when, at the age of seven, he applied “ Lightning Bug G-lo-Juice ”, manufactured by defendant, over his eyes. This liquid product was sold in a container *1095 which was enclosed in a box. Both the container and the box stated that this product was “ Non-Toxic ”. The box indicated how a child might make use of the product which apparently glowed in the dark. Included in the illustrations on the box was a boy with Glo-Juice applied to the area between his eyelids and his eyebrows.
The infant plaintiff testified that he applied the Glo-Juice over his eyes as shown on the box and that shortly thereafter the Glo-Juice dripped into his eyes. He and his mother testified that his eyelashes then stuck together and had to be pried apart and that his eyes became red and inflamed. Defendant’s director of chemical research testified that the Glo-Juice had been tested and the tests showed that it had no irritative effects. The court reserved decision on defendant’s motions to dismiss made at the end of plaintiff’s case and at the end of the whole case. The court, in addition to submitting the case to the jury on the theory of bréach of express liability based upon the “Non-Toxic” statements and the illustration on the box, at the specific request of- plaintiffs, also submitted the case to the jury on the theory of breach of implied warranty of fitness for the ordinary purpose of the product. The jury rendered a verdict of $750 in favor of the infant plaintiff and $100 in favor of his father. The court reserved decision on defendant’s motion for judgment notwithstanding the verdict and to set it aside on the ground of excessiveness.
Since no evidence was presented showing that the Glo-Juice or something in it was inherently dangerous or harmful — indeed, the only evidence presented on this point was the testimony of defendant’s director of chemical research to the effect that the product had no irritative effects — it would appear that any injury suffered by the infant plaintiff .arose out of an allergic reaction to the product. Under these circumstances, there was insufficient evidence to support a cause of action for breach of implied warranty. (See Kaempfe v. Lehn & Fink Prods. Corp., 21 A D 2d 197, 203 [1st Dept, 1964], affd. 20 N Y 2d 818 [1967]; Brake v. Charles of Fifth Ave., 33 A D 2d 987 [4th Dept., 1970].)
However, there is also a cause of action for breach of an express warranty. The assertion that the product was “ NonToxic ”, taken together with illustration showing a boy with Glo-Juice between his eyelids and eyebrows is sufficient to support a finding by the jury that there was an express warranty that the product could be safely used in this manner and that one so using it would suffer no injurious consequences. When *1096 the infant plaintiff used the product as directed in the illustration and suffered eye irritation upon the product getting into his eyes, the jury was justified in finding that there was a breach of the express warranty even if the injury to the infant plaintiff arose out of an allergic .reaction to the product. As stated in Spiegel v. Saks 34th St. (43 Misc 2d 1065, 1070 [App. Term 2d Dept., 1964], affd. 26 A D 2d 660 [2d Dept.,. 1966]), involving an express warranty that a skin blotch remover was “non-irritating, completely safe”, “the warranty in effect stated that it would be safe in that there would be no allergic reaction.” As pointed out therein, “Cases involving implied warranties which exculpate a manufacturer from liability resulting from an unusual susceptibility, idiosyncrasy or allergic reaction of a consumer are not applicable ”. To the same effect, see Drake v. Charles of Fifth Avenue (33 A D 2d 987, supra).
The defendant raises a question concerning the fact that there was no evidence presented as to when, by whom and from whom the product was purchased. If the defendant is arguing ‘ ‘ privity ’ ’, its argument must fail. As pointed out in Singer v. Walker (39 A D 2d 90, 95-96 [1st Dept., 1972]), “ From the recent cases it is apparent that a breach of warranty resulting in injury is now also considered as a tortious wrong .separate and apart from the sales contract. (Goldberg v. Kollsman Instrument Corp., 12 N Y 2d 432, 436; Randy Knitwear v. American Cyanamid Co., 11 N Y 2d 5.) As is well known, the courts in New York have gradually eroded the concept that privity is required in order to maintain an action based on breach of an express or implied warranty.”
In this particular case, the product was designed for use by young children. The details of its purchase are of little consequence and are not essential to the proof of a cause of action which is considered ‘‘ a tortious wrong separate and apart from the sales contract.” Similarly, that the infant plaintiff may not have been able to read or understand the words “ NonToxic ’ ’ would make no difference. The product was designed for use by young children and defendant can hardly escape liability for this “tortious wrong” because a young child— the very class of persons who defendant expected to use the product — may not have been able to read or understand the meaning of “ Non-Toxic ”, particularly in this situation where an illustration on the box encouraged children to apply GloJuice right above their eyes. (See, also, Uniform Commercial Code, § 2-318.)
*1097 The defendant raises a further question concerning the extent of the injuries and their causal connection. The testimony presented is that G-lo-Juice was applied above the infant plaintiff’s eyes and .shortly thereafter it dripped into his eyes which thereupon became red and inflamed. This is sufficient for the trier of the facts to have found that the Glo-Juice caused these injuries. See Spiegel v. Saks 34th St. (43 Misc 2d 1065, 1072-1073, supra), stating that “ Inferences drawn from proven facts are matters of common sense and judgment for the trier of the facts.” Since the eye irritation occurred shortly after the Glo-Juiqe dripped into the eyes of the infant plaintiff, the inference that this irritation was caused by the Glo-Juice is not so remote or conjectural as to be one which the trier of the facts could not reasonably make.
Considering the injuries sustained, and having heard the testimony and observed the witnesses, the court feels that the amount awarded to the infant plaintiff is within reasonable limits although the amount awarded to the infant’s father above the medical bill of $40 is excessive. However, since the court is directing a new trial on the entire case, no particular direction is needed as to this point.
It is the court’s opinion that the evidence presented was sufficient to support a recovery for plaintiffs based upon the theory of breach of express warranty, but not on the theory of breach of implied warranty. Since a general verdict was returned and the case was submitted to the jury on these two separate theories of liability, only one of which can be sustained, the verdict is set aside and new trial is ordered. (See Singer v. Walker, 39 A D 2d 90, 93, supra.)