Thomas H. ATKINS, Individually and as the father and next friend of Thomas Harrison Atkins, a minor, Appellants,

v.

ARLANS DEPT. STORE OF NORMAN, INC., a corporation, and Regent Sports Corporation, a corporation, Appellees.

No. 45702.

Supreme Court of Oklahoma.

May 21, 1974.

Jim Merz, Oklahoma City, for appellants.

Gene H. Hemry, Hemry & Hemry, Oklahoma City, for appellee, Arlans Department Store of Norman, Inc., Robert S. Baker, Oklahoma City, of counsel.

Pierce Couch Hendrickson Gust & Short, Oklahoma City, for appellee, Regent Sports Corp.

IRWIN, Justice:

Thomas Harrison Atkins, a minor, sustained accidental injuries when he was struck in the eye by a dart thrown by another minor. Appellants commenced proceedings to recover damages for the injuries and consequential damages against Appellees, Regents Sports Corporation, the manufacturer, and Arlans Department Store, the retailer who sold the dart.

The trial court sustained Appellees' [defendants] demurrers to Appellants' [plaintiffs] petition and dismissed the action. Plaintiffs appealed.

Plaintiffs proceeded on three general legal theories; (1) strict liability in tort, (2) breach of warranty, and (3) negligence.

Plaintiffs alleged that a "Lawndart" game was purchased in the toy department

of the retailer's store and that it had been manufactured by defendant Regents Sports Corporation; that "Lawndart" is a game where darts are thrown at a plastic ring; the dart is a thirteen-inch metal shaft with a sharp protusion; and that the twelve year old plaintiff [Thomas] was playing with a group of boys when Brett, the ten year old son of the purchaser of the "Lawndart" game, was preparing to throw the dart at the plastic ring. It was further alleged that Thomas was standing behind Brett and away from the plastic ring; that when Brett threw the dart, it was thrown into a vertical arc approximately 10 feet high and fell behind Brett; and that Thomas did not see the dart, but when he looked up in response to a warning, the dart struck his eye and he sustained injuries.

Plaintiffs alleged that the defendant manufacturer "designed and manufactured a weighted projectile with a sharp metal shaft protusion possessing the inherently dangerous capability of penetration of the human body and the skull and was therefore unsafe for its intended use;" and that both defendants "expressly and impliedly warranted that the Lawndart game could be played with safety when in truth and fact same was inherently dangerous to children."

Plaintiffs also alleged that defendants either knew of the dangerous capabilities of the lawndarts or failed to test and discover the dangerous propensities of the darts; that defendants failed to label the lawndart game and warn of the dart's dangerous capabilities; and that defendants were negligent in selling the lawndart game in a toy department for the purpose of merchandising it as a childrens' game.

Brett, the minor who threw the dart, was joined as an additional party defendant but plaintiffs subsequently dismissed, without prejudice, their action against him.

The Supreme Court of Illinois in Pitts v. Basille, 35 Ill.2d 49, 219 N.E.2d 472, in considering an action where a minor was struck in the eye by a dart thrown by another minor, said:

"There are many things used by children that may be said to be unsafe when used for the purpose for which they are intended. A baseball, a baseball bat, a penknife, a Boy Scout hatchet, a bicycle, all have the capacity to injure the user or others in the course of their normal use. They are not, however, to be categorized as 'dangerous instrumentalities.' As was said by the Tennessee court in Highsaw v. Creech, 17 Tenn.App. 573, 69 S.W.2d 249, 252, 'an air gun is not a dangerous instrumentality of itself, but is in fact a toy. * * * The fact alone that an injury may be inflicted by such a toy does not make of it a dangerous instrumentality in the sense that the term is generally used.' In Morris v. Toy Box (1962), 204 Cal.App.2d 468, 22 Cal.Rptr. 572, 574–575, a complaint brought by a minor against a retailer alleging that the retailer knew that the intended user of a bow and arrow was the purchaser's ten-year-old boy was dismissed, the court saying, 'the bow and arrow has been in use by young and old alike for thousands of years. * * * To us it is simply inconceivable that a 10-year-old boy, much less his mother, would be unacquainted with the use of so common an article as the one here in question.' See also, White v. Page (Ohio App.1950), 105 N.E.2d 652."

The Illinois Court affirmed the judgment of the trial court rendering judgment for the wholesaler of the dart notwithstanding the jury verdict in favor of the minor.

In Maramba v. Neuman, 82 Ill.App.2d 95, 227 N.E.2d 80, the court held that a boomerang, which is used by children, is not a dangerous instrumentality as such, merely because after it is thrown its flight cannot be controlled, anymore than a baseball, a dart or many other articles, which are classified as toys, can be held to be dangerous instrumentalities.

In Larsen v. General Motors Corp., 391 F.2d 495 [8th Cir., 1968], the court stated that almost any chattel or commodity is capable of inflicting injury and when danger is obvious or known to user no warning is necessary and no liability attaches for an injury occurring from reasonable hazards attached to the use of the chattel or commodities. See Dixon v. Outboard Marine Corporation, Okl. (1970), 481 P.2d 151. A warning that the dart should not be thrown in the direction of anyone would have hardly done more than to apprise even a minor of what he already knew; and the dart was not dangerous to the extent beyond that which would be contemplated by the ordinary consumer with the ordinary knowledge common to the community as to its characteristics.

There are many toys and playthings, perfectly harmless and inoffensive in themselves, but whose common use can be perverted into a dangerous use or design, and there are very few of the most harmless toys which cannot be used to injure another. The dart's propensities to cause injury is demonstrated by the injury sustained but the fact that an injury was sustained does not necessarily mean that the manufacturer or retailer are liable for those injuries.

Although plaintiffs alleged that the minor defendant, Brett, "was negligent in throwing the lawndart over his head and causing same to fall behind him instead of throwing the dart in front of him," plaintiffs did not allege, inter alia, that a defect in the design or manufacture of the dart was the proximate cause of the dart striking the minor plaintiff. The dart in question was not designed or manufactured to be thrown at an individual but at a plastic ring or another target.

Plaintiffs' pleadings do not state a cause of action against the defendants, and the trial court did not err in sustaining defendants' demurrers and dismissing the action.

Certiorari granted; Decision of the Court of Appeals, Division No. 2, reversed; and judgment of the trial court affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and BERRY, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.