■ BEVERLY LANDRINE, Individually and as Administratrix of the Estate of KERI LANDRINE, Deceased, Respondent, v MEGO CORPORATION et al., Respondents, and PERFECT PRODUCTS Co., Appellant. MEGO CORPORATION et al., Third-Party Plaintiffs, v BEL ARBOR NOVELTY et al., Third-Party Defendants. — Order, Supreme Court, New York County (White, J.), entered March 11, 1983, which denied defendant Perfect Products Co.'s motion for summary judgment dismissing the complaint and the cross claims against it, unanimously reversed, on the law, without costs or disbursements, and the motion granted. Plaintiff's intestate, her infant daughter, died after playing with a doll known as "Bubble Yum Baby", when she somehow swallowed a balloon used to inflate the doll. The attraction of the Bubble Yum doll was that it could simulate the blowing of a bubble gum bubble. A balloon was inserted in the doll's mouth with the use of a mouthpiece, and then inflated by pumping the doll's arm. The balloon was manufactured by defendant Perfect. Plaintiff has brought this action for personal injuries and wrongful death against Perfect, Mego Corporation, the manufacturer and distributor of the doll, and Life Savers, Inc., the owner of the Bubble Yum trade-mark. Mego apparently bought the balloons from two wholesale novelty distributors, who had purchased the balloons from Perfect. The distributors have been impleaded. Perfect denies that it had any knowledge of the resale of the balloons by its distributors to Mego, or that Mego, or anyone else, intended to use the balloons in the doll. The causes of action against all the defendants, including Perfect, are grounded in negligence, breach of express warranty and implied warranty, and strict tort liability. The essence of all of these claims is that the balloons were defectively made or are inherently unsafe when used by children, and that the defendants failed to warn plaintiff of the damages associated with balloon usage. Perfect moved for summary judgment on two grounds, viz., that it was not liable as a matter of law, and that the court lacked jurisdiction over it. Without conceding the point should the matter go to trial, for purposes of the motion Perfect assumed that its balloon was used in the doll with which the deceased was playing. Special Term denied the motion. We find summary judgment should have been granted to Perfect on the first ground and thus reverse. A cause of action in strict products liability arises when a manufacturer places on the market a product which has a defect that causes injury. (*Codling v Paglia,* 32 NY2d 330, 342.) "[A] defectively designed product is one which, at the time it leaves the seller's hands, is in a condition not reasonably contemplated by the ultimate consumer and is unreasonably dangerous for its intended use; that is one whose utility does not outweigh the danger inherent in its introduction into the stream of commerce". (*Robinson v Reed-Prentice Div. of Package Mach. Co.,* 49 NY2d 471, 479, citing Restatement, Torts 2d, § 402A.) On this record neither plaintiff nor the cross claimants have established that the balloons were unreasonably dangerous or defectively made. Absent a finding that all balloons are inherently dangerous, and that consequently a warning of the possible dangers must be given, Perfect cannot be held liable. Balloons in and of themselves are not dangerous. Their characteristics, features and propensities are well known, to children and adults alike. No duty to warn exists where the intended or foreseeable use of the product is not hazardous. Furthermore, "there is no necessity to warn a customer already aware — through common knowledge or learning — of a specific hazard." (*Lancaster Silo & Block Co. v Northern Propane Gas Co.,* 75 AD2d 55, 65.) Digestion of a balloon is not an intended use, and to the extent it is a foreseeable one, it is a misuse of the product for which the guardian of children must be wary. Were it otherwise, anything capable of being swallowed would have to be kept from a child. Even if a warning were required in this case, it would have had to be

directed to the guardian since the "legal responsibility, if any, for injury caused by [a product] which has possible dangers incident to its use should be shouldered by the one in the best position to have eliminated those dangers." (*Micallef v Miehle Co., Div. of Miehle-Goss Dexter,* 39 NY2d 376, 387.) We see no need for such a warning. The ingestion of a balloon — which is not its intended use — is an act fraught with peril. Like a caution to drive carefully when operating heavy equipment (see *Torrogrossa v Towmotor Co.,* 44 NY2d 709), a self-evident warning is unnecessary. Moreover, since the record is barren of any evidence that Perfect knew or had any reason to know that its balloons would be inserted in "Bubble Yum" dolls, any injury resulting from the use of the doll cannot be charged to it. The duty of a manufacturer merely "extends to the design and manufacture of a finished product which is safe at the time of sale." (*Robinson v Reed-Prentice Div. of Package Mach. Co.,* 49 NY2d 471, 481, *supra.*) Any unforeseen modification of the product after it leaves the manufacturer's hands is not its responsibility. To broaden the scope of its liability would be to demand of a manufacturer that it insure against all injuries which may arise from the use or misuse of its product. The law does not impose such a duty. (See *Biss v Tenneco, Inc.,* 64 AD2d 204, 207-208.) Since, as a matter of law, Perfect cannot be found liable we need not reach the question of whether it is subject to the jurisdiction of this court. The complaint and cross claims against it are dismissed. Concur — Kupferman, J. P., Sandler, Sullivan, Fein and Alexander, JJ.