REBECCA NAVE, Adm'r of the Estate of Robert J. Nave, Jr., Deceased, Plaintiff-Appellant, *v.* RAINBO TIRE SERVICE, INC., Defendant-Appellee.

Second District   No. 83—346

Opinion filed March 19, 1984.—Rehearing denied May 16, 1984.

Richard A. Palmer, of Ward, Murray, Pace & Johnson, of Sterling, for appellant.

Charles G. Roth, David J. Dubicki, and Richard D. Rinner, all of Kavanagh, Scully, Sudow, White & Frederick, P.C., of Peoria, for appellee.

PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Rebecca Nave, administrator of the estate of Robert J. Nave, Jr., deceased (Nave), appeals from a judgment entered on a jury verdict in favor of the defendant, Rainbo Tire Service, Inc. (Rainbo Tire), in a suit charging strict liability in tort and breach of warranty. Nave principally contends that trial errors in ruling on objections permitted the jury to reach its decision on an improper basis, the due care of Rainbo Tire in retreading a tire manufactured by another.

On November 9, 1977, Robert J. Nave, Jr., was killed when the truck he was driving collided with a tree. The decedent was driving on United States Route 30, a two-lane paved highway, when the

truck's right front tire blew out, causing the truck to leave the highway and hit a tree, killing the driver. The accident occurred during the course of decedent's employment with Wood Products, Inc., while he was hauling a load of logs with a company-owned straight bed truck.

The decedent's surviving wife was appointed administrator of the estate and, in that capacity, brought an action against Rainbo Tire. The tire which blew out was a bias ply tire manufactured by Goodyear which had been retreaded by Rainbo Tire in 1976 and then sold to Wood Products, Inc. Nave alleged liability on the part of defendant on two theories, strict products liability and breach of the implied warranty of merchantability. In her third amended complaint, Nave alleged that the bond between the outer ply and original tread of the Goodyear tire carcass was inadequate, permitting a separation of these components and the ultimate failure of the tire. The strict liability count alleged that the tire was unreasonably dangerous for its intended use, while the breach of warranty count alleged that the tire was not of merchantable quality when used for ordinary purposes. No negligence on the part of Rainbo Tire nor any defect in the retreading process has been alleged. Goodyear has not been joined as a party.

Prior to trial, Nave filed a motion *in limine* seeking to exclude any evidence "[t]hat Defendant, Rainbo Tire Service, Inc., exercised due care in the retreading of the subject tire." The trial court denied the motion.

At trial, William Max Nonnamaker, a tire consultant, testified that, in his opinion, the tire failure was caused by "an inadequate bond between the bottom of the tread, the original tread, not the retread, and the top of the outer ply," and that the tire was unreasonably dangerous when it left the control of Rainbo Tire. On cross-examination, he stated that in his opinion the inadequate bond was not created by the retreading process, but rather existed when it left Goodyear, the manufacturer of the tire. He further stated that he would not have expected a retreader to have detected the presence of the inadequate bond. In his opinion, there was no evidence that the tire had been operated in an underinflated condition or that it had been operated in other than normal operating conditions.

Rainbo Tire presented the testimony of two expert witnesses, Edward J. Wagner (by means of an evidence deposition) and Robert Hill. Both of them were of the opinion that the tire failed because it had been operated in an underinflated condition and that the cause of the underinflation was a leaky valve core assembly inside the tire.

Mr. Hill testified concerning the procedure followed in retreading

a tire. He stated that if a tread separation existed, it would have been detected during the retreading process, concluding "no way there could have been an original separation."

Rainbo Tire also presented John O'Neill, the chairman of its board of directors. Mr. O'Neill testified concerning the tire retreading process employed by Rainbo Tire. He stated that if there had been a separation in the tire, that separation would have been detected during the retreading process.

During Mr. O'Neill's testimony, Rainbo Tire offered into evidence a "Tire Retread Processing Manual" published by the National Tire Dealers and Retreaders Association and the Tire Retreading Institute. Nave objected to the admission of this exhibit on the basis that it was not a set of standards and, further, that it constituted hearsay, but the exhibit was admitted over her objection. The exhibit consists of 154 pages and contains a detailed step-by-step explanation of the retreading process for various types of tires, as well as a glossary of terms used in the retreading process and procedures for repairing, equipment installation and maintenance, and production and quality control record keeping. The only standard found in the manual applies to retreaded passenger car tires.

The jury returned a verdict for Rainbo Tire and the trial court entered judgment thereon. Nave then filed a post-trial motion alleging that the court erred in: (1) denying the paragraph of her motion *in limine* seeking to exclude all evidence of exercise of due care since the evidence was not relevant and its admission denied her a fair trial, and (2) admitting into evidence the "Tire Retread Processing Manual" since it was not relevant, relating only to the issue of Rainbo Tire's exercise of reasonable care and caution in the retreading process, and its admission denied her a fair trial. The trial court denied the post-trial motion.

I

Rainbo Tire preliminarily argues that the claims of error have been waived by failing to object at trial to the admission of certain evidence and to remarks made by defense counsel in argument and by failing to raise the issue of improper argument in the post-trial motion.

We do not agree that claims relating to the admission of certain evidence and to counsel's argument not objected to were waived. Nave not only filed a motion *in limine* to exclude all evidence of Rainbo Tire's due care in retreading the tire, but also objected at the first instance when defense counsel sought to inject the same issue

during opening statements. The following colloquy took place:

"[Defendant's counsel]: No one yet through the evidence and the people we have deposed have [*sic*] been able to say there was anything wrong with the retreading process on this tire. No one.

[Plaintiff's counsel]: Your Honor, I'm going to object to that comment. I think we're way beyond the scope of the pleadings at this time and counsel is talking about something wrong with the retreading process that's not the theory in this case.

[Defendant's counsel]: I am describing to the court what I believe the evidence will show, Your Honor. There are a product liability and warranty case before this jury, I believe I am able to comment on the evidence and what will be testified to as to the retreading of this tire."

The court overruled the objection.

Continuing with his opening statement, defense counsel stated,

"so the question then becomes, well, why did the tire fail? If, my client, Mr. O'Neill's company didn't do anything wrong, if this company didn't do anything wrong in the processing of this tire and the retreading, why did it fail?"

There was no objection to this comment. The next reference to the retreading process was when defense counsel stated,

"But it's important to know here that even Mr. Nonemaker [*sic*, Nonnamaker], their expert, says that this tire separation was not due to anything in the retreading process."

Again, no objection was made. During his closing argument, defense counsel reminded the jury that nobody in the case could testify that defendant did anything wrong. He explained that that was important because

"we're supposed to have recapped a tire that had something wrong in it. But we didn't do anything wrong if our retreading process wasn't wrong or defective, where would the basis of liability be? In order for the plaintiff to recover in this case, under the first count, he has to show there was something wrong with that tire."

Plaintiff's counsel made no objection.

In addition to these remarks made by defense counsel, the testimony of John O'Neill and Robert Hill was admitted without objection. An objection was made, however, when defense counsel moved to admit into evidence the retread processing manual.

To save a question for review, an objection need not be repeated each time similar matters are presented where the court has previ-

ously ruled. (*Chicago Union Traction Co. v. Lauth* (1905), 216 Ill. 176, 180; *Fullerton v. Robson* (1978), 61 Ill. App. 3d 93, 97.) In *Lauth*, the supreme court noted that after the trial court had ruled on the question it was not necessary to repeat the same objection. "Such conduct *** would have been improper, and no right was lost by failing to adopt such a course." (*Chicago Union Traction Co. v. Lauth* (1905), 216 Ill. 176, 180.) One is entitled to assume that the trial judge will continue to make the same ruling and that he need not repeat the objection. McCormick, Evidence sec. 52, at 118 (2d ed. 1972).

■ Here, by filing the motion *in limine* as well as objecting to defense counsel's remarks, Nave properly raised the issue of admissibility of due-care evidence. We find no waiver by not thereafter continuing to object. See *Woodward v. Mettille* (1980), 81 Ill. App. 3d 168, 178; *cf. People v. Spates* (1979), 77 Ill. 2d 193, 199-200 (defendant's motion *in limine* to exclude admission of prior misdemeanor conviction properly preserved that question for review even though, after denial of the motion, defense counsel introduced such evidence in order to alleviate the prejudicial effect).

■ We also do not agree that Nave waived the issue of defense counsel's improper argument by failing to raise it in her post-trial motion. Although, as a general rule, issues not presented in a post-trial motion are generally deemed waived (87 Ill. 2d R. 366(b)(2)(iii)), the waiver rule may be relaxed if the trial court was given the opportunity to consider and correct any error made at trial, since the rule of waiver states an admonition to the parties, not a limitation upon the jurisdiction of the reviewing court. (*Hux v. Raben* (1967), 38 Ill. 2d 223, 224-25; see also *Schutzenhofer v. Granite City Steel Co.* (1982), 93 Ill. 2d 208, 211.) Here, Nave's objection at trial to defense counsel's argument sufficiently alerted the trial court to the contention of error.

In sum, the motion *in limine*, the objection at trial to counsel's argument, the grounds supporting the post-trial motion and the points argued on appeal all challenge the trial court's ruling that evidence pertaining to Rainbo Tire's due care in the retreading process was admissible. We therefore conclude that this issue was not waived.

II

The basic issue on the merits is whether Rainbo Tire, in fact, injected into the case the irrelevant issue of its exercise of due care in the retreading process. Nave alleged liability on two theories, strict products liability and breach of an implied warranty of merchantability. Under both theories Nave alleged that the tire which blew out

was defective in that the bond between the outer ply and the original tread of the Goodyear tire carcass was inadequate, permitting a separation of these component parts and the ultimate failure of the tire. Thus, the action in its entirety proceeded upon the theory that the tire was defective when originally manufactured and that Rainbo Tire was liable for incorporating a defective component into the final product which it reintroduced into the stream of commerce. There was no allegation that the retreading process itself was negligent, that the defect resulted from the new tire tread, or that Rainbo Tire could have discovered the defect in the original tire if it had exercised due care.

Proof required under the theory of strict products liability is that the "injury or damage resulted from a condition of the product, that the condition was an unreasonably dangerous one and that the condition existed at the time it left the manufacturer's control." (*Suvada v. White Motor Co.* (1965), 32 Ill. 2d 612, 623.) *Suvada* expressly adopted section 402A of the Restatement (Second) of Torts (1965), which provides, "One who sells any product in a defective condition unreasonably dangerous *** is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property *** *although the seller has exercised all possible care* in the preparation and sale of his product." (Emphasis added.) (32 Ill. 2d 612, 621.) Thus, the basis of strict liability in tort is the condition of a product, and the conduct of the defendant in terms of negligence is not in issue. (*Stanfield v. Medalist Industries, Inc.* (1975), 34 Ill. App. 3d 635, 638-39; see *Cunningham v. MacNeal Memorial Hospital* (1970), 47 Ill. 2d 443, 455; *Dintelman v. Alliance Machine Co.* (1983), 117 Ill. App. 3d 344, 346.) Negligence concepts have no place in an action for strict products liability. *Liberty Mutual Insurance Co. v. Williams Machine & Tool Co.* (1975), 62 Ill. 2d 77, 82-83; see *Thornton v. Mono Manufacturing Co.* (1981), 99 Ill. App. 3d 722, 725.

Nave sought to exclude evidence of due care in the retreading process both by her motion *in limine* and by her subsequent objection to the opening statement. Rainbo Tire contends that the evidence of the retreading process was relevant to the issues of whether the alleged defect existed at the time the tire left its control and whether the tire was merchantable. We conclude that the admission of such evidence permitted Rainbo Tire to improperly mislead the jury into a belief that it was not liable in the case because it was not "at fault," had done nothing "wrong" and had exercised all due care in the retreading process.

While evidence of testing is probative of the degree of care

exercised in an ordinary negligence action, it is irrelevant in an action based upon the theory of strict liability. (*Cunningham v. MacNeal Memorial Hospital* (1970), 47 Ill. 2d 443, 453-55; *McKasson v. Zimmer Manufacturing Co.* (1973), 12 Ill. App. 3d 429, 436.) In *Cunningham*, the fact that it would be practically or scientifically impossible to discover the defect complained of in the product, even with the best of testing procedures, was held to be irrelevant in a strict liability action. (*Cunningham v. MacNeal Memorial Hospital* (1970), 47 Ill. 2d 443, 453-55.) In *McKasson* the manufacturer raised as error the trial court's exclusion of the defendant's testing methods, evidence to establish that each product, before leaving the factory, was subjected to a test for defects. The court held that the evidence was irrelevant and inadmissible in a strict liability case. *McKasson v. Zimmer Manufacturing Co.* (1973), 12 Ill. App. 3d 429, 436. See also *Taylor v. Carborundum Co.* (1969), 107 Ill. App. 2d 12, 26 (an inquiry into the general method of manufacture and testing of a product would serve no useful purpose in a strict liability action); *Sweeney v. Matthews* (1968), 94 Ill. App. 2d 6, 20, *aff'd* (1970), 46 Ill. 2d 64 (a manufacturer can be most careful in making and testing his product, but can be held accountable if a defect was in the product at the time it was made).

Here, the issue of whether an inadequate bond actually existed in the original tire carcass which would not necessarily be revealed by the testing for the retreading process should have gone to the jury on the basis of the testimony directly relevant to that issue. The evidence of the retreading process merely went to the collateral and irrelevant issue of the defendant's due care.

■ Rainbo Tire further suggests that the evidence of the retreading process, even if it is assumed irrelevant to the issue of strict liability, was relevant under the warrant of merchantability theory of Nave's complaint. Reliance is placed upon the official comment to section 2—314 of the Uniform Commercial Code (Ill. Ann. Stat., ch. 26, par. 2—314, Uniform Commercial Code Comment, at 234 (Smith-Hurd 1963).) The comment (written pre-*Suvada*) provides that "evidence indicating that the seller exercised care in the manufacture, processing or selection of the goods is relevant to the issue of whether the warranty was in fact broken." However, we do not find the comment here applicable since the theories of breach of implied warranty and strict liability are nearly identical. It has been stated that a breach of implied warranty theory is a form of strict liability without the necessity of proving negligence or fault on the part of the defendant. (R. Hursh & H. Bailey, American Law of Products Liability sec. 3:2, at 430 (2d ed. 1974).) "[T]he strict liability theory is essentially the liabil-

ity of implied warranty divested of the contract doctrines of privity, disclaimer and notice." *Dunham v. Vaughan & Bushnell Manufacturing Co.* (1967), 86 Ill. App. 2d 315, 333, *aff'd* (1969), 42 Ill. 2d 339.

We are mindful of the fact that the jury was properly instructed. An instruction submitted by Nave went to the jury advising them that "it is not a defense that the condition of the product could not have been discovered by the defendant or that care was used in the manufacture of the product." Nevertheless, the effect of Rainbo Tire's continual emphasis on its lack of fault or wrongdoing, the evidence that it conformed to the retreading manual's standards and the judge's overruling of the objection of plaintiff's counsel as to the issue of due care, made it highly likely that the jury could have considered an improper issue in deciding the case in spite of the language of the instruction.

The judgment of the circuit court of Lee County is therefore reversed and the cause remanded for a new trial.

Reversed and remanded.

UNVERZAGT and VAN DEUSEN, JJ., concur.