JUDITH ROTH & another *vs.* RAY-STEL'S HAIR STYLISTS, INC. & another. November 1, 1984. *Husband and Wife,* Consortium. *Negligence,* Defective product, Hairdresser. *Warranty.*

On March 13, 1980, Judith Roth kept an appointment with her hairdresser to have her hair bleached. She left the beauty salon later that afternoon with a considerable reduction in the quantity and attractiveness of her hair and, from that date until some months later, she suffered embarrassment and distress as her damaged hair slowly returned to normal. She and her husband, Bruce Roth, sued the owner of the beauty salon, Ray-Stel's Hair Stylists, Inc. (Ray-Stel), and Roux Laboratories, Inc. (Roux), manufacturer of "Roux Gentle Blond Low pH Bleach," the product used on her hair on that unfortunate occasion. In the complaint the Roths alleged negligence and breach of express and implied warranties resulting in personal injuries to Judith Roth and loss of consortium to Bruce Roth. Each of the defendants filed a cross-claim against the other, seeking contribution and indemnification.

The case was presented to a jury in the Superior Court. At the close of the evidence, the judge allowed both defendants' motions for directed verdicts on the husband's loss of consortium claim, but he denied all other motions for required findings. The jury found liability on the part of Roux on the basis of negligence and express warranty and assessed damages in the amount of $5,000. The jury found in favor of Roux on the implied warranty theories; they found no liability on the part of Ray-Stel on any theory; and on Roux's cross-claim against Ray-Stel, they found for Ray-Stel.

Roux filed motions for a new trial and for judgment notwithstanding the verdict, both of which were denied, and now appeals from the ensuing judgments entered against it. Bruce Roth also appeals from the removal from the jury's consideration of his claim for damages.

We find it unnecessary to consider Roux's contentions relating to supposed inadequacies in the case against it on a negligence theory because the verdict may stand on the finding that there was a breach of an express warranty. There was evidence that the box containing the bleach bore the following words: "Doesn't creep or swell. Stay-put consistency. Applies Easily. Consistency equal to and in some cases better than competitive bleaches. Gentle Blond does not run or creep, swell or puff. Stays where it is put for an easy application." The hairdresser testified that he had read the information printed on the box, and, relying on it, he recommended its use to Judith Roth, whose hair he had been bleaching regularly for seven years with a different Roux product. He stated that the product did swell rapidly and that, in doing so, it very quickly caused the damage to the hair. Thus, the jury had before them all of the required elements for a claim of breach of express warranty. G. L. c. 106, § 2-313. *Tirino* v. *Kenner Prod. Co.,* 72 Misc. 2d 1094 (N.Y. Civ. Ct. 1973). Nolan, Tort Law § 232 (1979). Certainly the jury were warranted in finding that Judith Roth was a person whom Roux "might reasonably have expected to . . . be affected by the goods." G. L. c. 106, § 2-318, inserted by St. 1971, c. 670, § 1. Consequently, contrary to the contentions of Roux, neither the lack of privity between Judith Roth and Roux, nor her reliance on the hairdresser's recommendation rather than on her own knowledge about the product, should prevent her recovery.

The hairdresser's admission that he did not perform a strand test before applying the bleach presents a further issue. The instructions that came with this hair coloring product, designed for use by professional hairdressers, warned that such a test should always be done. It was stated in two places in the instructions, "Always make a preliminary strand test." No description was provided as to how the test should be performed, and there was no indication of either the purpose of the test or the danger to be avoided. The jury found Ray-Stel not to have been negligent, apparently on the basis of testimony from the hairdresser and others that a preliminary strand test was not called for in situations involving previously bleached hair. Thus, the verdict established that the hairdresser carried out the bleaching procedure

according to a standard of performance no lower than that of the ordinary reasonable hairdresser. We think that the language used by Roux could reasonably be read as requiring the strand test for the purpose of obtaining the desired hair color rather than to avoid the risk of destroying the hair. The case, therefore, is distinguishable from *Taylor* v. *Jacobton,* 336 Mass. 709, 716 (1958), which held that the scope of a retailer's implied warranty may be limited by "reasonable, intelligible and adequate warnings and instructions" supplied by a manufacturer. In that case, involving a hair coloring product designed for home use, the warning and instructions were included in a lengthy and detailed statement explaining the serious medical risk to be avoided, and describing in detail the procedure to be followed and the results to be looked for. We think the question whether there was an express warranty and a breach of it, under the circumstances of this case, was one of fact for the jury.

The $5,000 damages were assessed by the jury in answer to a special question relating to the negligence claim. The fact that the jury awarded no damages on the express warranty claim is immaterial in light of a discussion among counsel at the bench following announcement of the verdict as well as a stipulation of counsel at the oral argument that the finding as to the amount of damages suffered applied to the express warranty claim.

We see no merit in other issues raised on appeal. The evidence of loss of consortium was insufficient to take that issue to the jury. We discern no significant impropriety in the argument to the jury made by the plaintiffs' attorney, particularly in light of the instructions on damages and the reasonable amount of the award. The evidentiary rulings questioned on appeal were within the judge's discretion. See *Benavides* v. *Stop & Shop, Inc.,* 346 Mass. 154, 156 (1963); Liacos, Massachusetts Evidence 425 (5th ed. 1981).

*Judgments affirmed.*

*Eugene F. Nowell* for Roux Laboratories, Inc.
*Alan S. Novick* for the plaintiffs.
*Gary D. Buseck* (*Robert L. Farrell & Cynthia J. Cohen* with him) for Ray-Stel's Hair Stylists, Inc.