Terry E. **ESTRADA and Phillip Estrada,**
**Plaintiffs-Appellants,**

v.

## SCHMUTZ MANUFACTURING COMPANY, INC., Defendant-Appellee.

### No. 83–2524.

United States Court of Appeals,
Seventh Circuit.

Argued April 5, 1984.

Decided May 15, 1984.

As Amended May 30, 1984.

Rehearing Denied June 6, 1984.

John F. Townsend, Jr., Townsend, Hovde, Townsend & Montross, Indianapolis, Ind., for plaintiffs-appellants.

William Osborn, Osborn & Hiner, Indianapolis, Ind., for defendant-appellee.

Before POSNER and COFFEY, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.*

POSNER, Circuit Judge.

This appeal requires us to consider the scope and application of Indiana's "open and obvious" rule of products liability. Terry Estrada worked in a factory in Indiana owned by Anheuser-Busch. Her job was to feed bags into a bag printer that had been manufactured by the Schmutz Manufacturing Company. The ink for the rollers through which the bags pass comes from an inkwell in the machine. Although Schmutz sells paste ink to use with its machines, Anheuser-Busch had bought liquid ink from another supplier, and this ink leaked from the inkwell and as a result the rollers were not properly inked. Mrs. Estrada went to a storage room and got a paint brush, and a can that she filled with ink. She then climbed to the top of the machine on a step provided for getting up to it. The top of the machine, where the rollers are, is six and a half feet off the ground. When Mrs. Estrada reached the top she applied the ink directly to the rollers with the paint brush, which she held in a gloved hand. This did not work well. with the machine turned off, because she could apply the ink only to the exposed portion of the rollers. So she turned the machine on, and inked the rollers while they were turning. They were turning rapidly, inwards toward each other, and the paint brush and then the glove holding it got drawn in between the rollers, and her hand was mangled. She brought this suit against Schmutz charging that Schmutz's failure to shield the rollers made the machine unreasonably dangerous and therefore made Schmutz strictly liable for her injury. The basis of federal jurisdiction is diversity of citizenship, and all agree that Indiana law governs the substantive issues in the case. The district judge gave summary judgment for Schmutz on the ground that the danger from the moving rollers was obvious, and Mrs. Estrada has appealed.

█ The Indiana courts hold that a manufacturer is not liable for injuries caused by "an open and obvious danger" in the manufacturer's product. This rule is illustrated by *Bryant-Poff, Inc. v. Hahn*, 454 N.E.2d 1223 (Ind.App.1982), appeal dismissed, —— U.S. ——, 104 S.Ct. 1433, 79 L.Ed.2d 756 (1984). The plaintiff in that case was working on a vertical conveyor that was powered by an electric motor which drove a chain and sprocket device. The motor was off when the plaintiff reached between the chain and sprocket to touch up a rust spot behind the sprocket with his paint brush. Just then the manager turned on the motor, activating the chain

* Hon. Floyd R. Gibson of the Eighth Circuit, sitting by designation.

and sprocket device, which crushed the plaintiff's arm. The Indiana Appellate Court held that since the danger that the sprocket and chain device might suddenly start up was open and obvious, the manufacturer was not liable for the plaintiff's injury. Other product liability cases illustrating Indiana's open and obvious rule include *Bemis Co. v. Rubush*, 427 N.E.2d 1058, 1064 (Ind.1981); *American Optical Co. v. Weidenhamer*, 457 N.E.2d 181, 188 (Ind.1983); *Shanks v. A.F.E. Industries, Inc.*, 416 N.E.2d 833, 837 (Ind.1981); *Coffman v. Austgen's Elec., Inc.*, 437 N.E.2d 1003, 1008 (Ind.App.1982).

■ Mrs. Estrada takes strong issue with the rule, arguing for example that the Indiana courts have ignored the state's 1978 products liability act, which makes no reference to such a rule. But she is addressing her arguments to the wrong forum. We have no power to alter Indiana law, whether statutory or judge-made. A diversity plaintiff who wants a change in state law should bring his suit in state rather than federal court; and especially since Mrs. Estrada is an Indiana resident suing a nonresident corporation, she is in no position to resist that course on the ground that the Indiana state courts would be an unsympathetic forum for her.

■ Actually this is a stronger case for the defendant than *Hahn*. The chain and sprocket device at issue in that case was next to a maintenance platform and was activated by a switch at ground level, 90 feet below. It was therefore quite possible that the device would be activated at a time when maintenance workers were dangerously near it and unaware that it was about to be turned on. But the machine in this case, the bag printer, is small; and if someone were on top of it servicing the rollers it is very unlikely that someone else would turn on the switch. Anyway, that is not what happened. Mrs. Estrada switched it on herself, thus illustrating that the only danger was that someone would try to service the rollers with the machine switched on; and this danger was open and obvious. It is of course possible to argue,

with the clarity of vision that comes from hindsight, that it would have been cheap enough for Schmutz to put over the rollers a guard so wired that when it was removed in order to enable the rollers to be serviced the machine could not be turned on. But that is just to say that it might be a good idea to require manufacturers to take precautions even against obvious dangers—dangers that can be prevented very easily by the users of the product—provided that the precaution is very cheap and effective. This may be right, see, e.g., *Forrest City Machine Works, Inc. v. Aderhold*, 273 Ark. 33, 616 S.W.2d 720 (1981), but the Indiana courts have decided otherwise, and we are bound by their decision.

Mrs. Estrada argues that even if a jury could have found that the danger of catching one's hand in the moving rollers was open and obvious, the judge should not have decided the question on summary judgment. If, however, from the uncontested facts no reasonable jury properly instructed in Indiana law could infer that the danger was not open and obvious, summary judgment was proper; and that is the situation here. None of the material facts is contested. There was a dispute over whether inking the rollers by hand was Mrs. Estrada's idea or her employer's, but this was not germane to her controversy with Schmutz. If your boss orders you to go to the zoo and put your hand through the bars of the lion's cage, and the lion bites your hand off, you may have an action against your boss (depending on the provisions of the state's workmen's compensation law) but you do not have an action against the zoo, at least in a jurisdiction such as Indiana that has an open and obvious danger rule. The plaintiff in *Hahn* was injured because his boss turned on the motor of the defendant's machine at the wrong moment; but that did not cast the liability for the accident on the defendant.

■ Even in a jurisdiction that did not have an open and obvious rule, Schmutz's liability would be most doubtful. Its machine was never intended to be inked by hand; and apparently the only reason this

method of inking was attempted, whether at the initiative of Mrs. Estrada or of her supervisor, was that Anheuser-Busch had purchased the wrong ink from another supplier. Cf. *Henry v. A.B. Dick Co.*, 224 U.S. 1, 32 S.Ct. 364, 56 L.Ed. 645 (1912). The accident thus resulted from an unforeseeable misuse of the product; and "nonforeseeable misuse" is a complete defense to product liability under Indiana law. See Ind.Code § 33–1–1.5–4(b)(1); *Shanks v. A.F.E. Industries, Inc., supra,* 416 N.E.2d at 838.

The judgment for the defendant is

AFFIRMED.